IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Bankr. No. 17-20543-JAD |
| DAVID H. ZIMMER, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| ──────────────────── | X | |
| | ) | |
| DANIEL PETER MORRIS | ) | |
| and LUCILLE AIOSA MORRIS, | ) | |
| | ) | Related to ECF No. 170 |
| Movants, | ) | |
| | ) | |
| - v - | ) | |
| | ) | |
| ROSEMARY C. CRAWFORD, Chapter | ) | |
| 7 Trustee, | ) | |
| | ) | |
| Respondent. | ) | |
| ──────────────────── | X | |

## MEMORANDUM OPINION

On June 25, 2018, Mr. Daniel Morris and Mrs. Lucille Morris filed a Motion entitled, in part, *Motion of Creditors & Adversary Defendants Daniel Peter Morris & Lucille Aiosa Morris ("Morrises") that Morrises's NYS Judgment of Proof of Claim 11-1 Is a Restitution Order of a Criminal Court and that the Automatic Stay [...] Does Not Apply [. . .] and other Miscellaneous Relief* (ECF No. 170, hereafter the "June 25th Pleading").1

The June 25th Pleading requests the entry of a judgment by the Court:  (a)

---

1 The title of the motion has been simplified by the Court for the ease of comprehension by the reader.

1

finding that the restitution order, identified in their Proof of Claim No. 11-1 ("Alleged Restitution Order"), is a non-dischargeable debt under 11 U.S.C. §523(a)(7); and (b) declaring the automatic stay under section 362(a) of the Bankruptcy Code does not bar the Morrises enforcement of the Alleged Restitution Order.

As to the request seeking an order of this Court finding the Alleged Restitution Order is a non-dischargeable debt under 11 U.S.C. §523(a)(7), the record reflects that the Morrises already instituted an adversary proceeding for this very same relief, and this adversary proceeding is pending at Adv. Pro. 17-2195-JAD (the "Pending Adversary".  In fact, Count V of the Amended Complaint filed at the Pending Adversary is entitled: "Count V: Nondischargeability of Debt under §523(a)(7)."  Adv. Pro. 17-2195-JAD, ECF No. 43.  Under these circumstances, it is appropriate for the Court to enter an order that dismisses, without prejudice, the non-dischargeability requests set forth in the June 25th Pleading. Walton v. Eaton Corp., 563 F.2d 70-71 (3d Cir. 1977)(*en banc*).

What remains is the Morrises' request for declaratory relief as set forth in the June 25th Pleading.  Fed.R.Bankr.P. 7001(9), states that actions for declaratory relief are commenced by way of filing an adversary complaint.

Given this rule of procedure and the analysis set forth above, it is appropriate for the Court to direct that:

1. The Clerk of the Bankruptcy Court shall docket the June 25th Pleading,

2

ECF No. 170, as an Adversary Proceeding; and

2. Daniel Peter Morris and Lucille Aiosa Morris, as plaintiffs, shall file an adversary cover sheet, and any other filings necessary to institute an adversary proceeding, and pay the required filing fee for an adversary proceeding, each before **July 5, 2018**, otherwise the adversary proceeding will be dismissed with prejudice.

3. The portion of the June 25th Pleading seeking an order of this Court finding the Alleged Restitution Order is a non-dischargeable debt under 11 U.S.C. §523(a)(7), is denied without prejudice, as the exact same relief is pending before this Court at Adv. Pro. 17-2195-JAD.

Dated: June 28, 2018

**Jeffery A. Deller**
**Chief U.S. Bankruptcy Judge**

cc:  Donald Calaiaro, Esq., counsel to the Debtor
Mr. Daniel Morris & Mrs. Lucille Morris
Rosemary Crawford, Esq., Chapter 7 Trustee

FILED
6/28/18 3:43 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA