IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(PITTSBURGH)

| | | |
|---|---|---|
| In re: | ) | Case No. 17-bk-20543-JAD |
| | ) | Chapter 7 |
| DAVID H. ZIMMER, | ) | Judge Jeffrey A. Deller |
| | ) | |
| Debtor. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Document No.: 383 |
| | ) | |
| Movant, | ) | Related Document: |
| | ) | |
| v. | ) | Hearing date: 9/1/2020 at 10 AM |
| | ) | |
| DANIEL PETER MORRIS and | ) | |
| LUCILLE AIOSA MORRIS, | ) | |
| | ) | |
| Respondents. | ) | |

**UNITED STATES OF AMERICA'S MOTION TO QUASH MORRISES' SUBPOENA OF IRS COMMISSIONER CHARLES RETTIG**

The United States of America, on behalf of its agency, the Internal Revenue Service, respectfully requests that the Court quash the Morrises' subpoena of Charles Rettig, the Commissioner of Internal Revenue, to testify at the hearing scheduled on September 9, 2020. In support of this motion, the United States respectfully represents the following:

1. The IRS filed a proof of claim in this case asserting a priority unsecured claim of $12,064.18. (Claims Reg. 13-1). The claim arises from the debtor's self-reported income tax liability for tax year 2016.

2. Creditors Daniel and Lucille Morris objected to the IRS's proof of claim. (Dkt. No. 241). Briefly, they argue that the debtor was entitled to claim a foreign tax credit for that

1

year in an amount that exceeded his U.S. tax liability and that, notwithstanding his failure to claim the credit on his tax return, the Court should determine he owes no tax for that period.

3.  The United States has declined to contest the Morrises' assertions regarding the existence or amount of any Canadian liability the debtor might have had for that period. It instead argues that the IRS's claim is valid because: (1) the IRS's assessment based on Zimmer's self-reported tax liability is presumptively correct; (2) a taxpayer is not entitled to a foreign tax credit unless it is claimed on a Form 1040 income tax return and the associated Form 1116; and (3) there is no evidence that Zimmer actually paid any 2016 Canadian income taxes within two years of their accrual, which is a prerequisite to claim a foreign tax credit.

4.  The Morrises alternatively ask the Court to disallow the IRS's claim on equitable grounds. Essentially, they argue it is unfair to allow the IRS's claim, which has priority over theirs, when the IRS's claim is nondischargeable and the IRS has certain collection tools unavailable to private creditors.

5.  The IRS opposes this argument and contends that the Bankruptcy Code's plain language does not permit the disallowance of claims on equitable grounds. *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 452 (2007) ("we generally presume that claims enforceable under applicable state law will be allowed in bankruptcy unless they are expressly disallowed"); *In re Tribune Media Co.*, No. 1:15-CV-01116-RGA, 2018 WL 6167504, at *1 n. 1 (D. Del. Nov. 26, 2018) ("[*Travelers*], however, reaffirmed a requirement that claims that are within the scope of Section 502 are allowed unless they are expressly disallowed in the Bankruptcy Code.").

6.  During the parties' preparation for the hearing, a dispute has arisen over two of Mr. Morris's proposed exhibits–what he refers to as the "Debtor 2016 Hypothetical Canadian

Tax Return" and "2016 Hypothetical Foreign Tax Credit Form 1116." He asserts that the former is a tax return he prepared using H&R Block's Canadian tax software which represents what he believes is the debtor's 2016 Canadian tax liability. The latter document is a Form 1116 he prepared showing the foreign tax credit he believes the debtor was entitled to for that 2016 based on the hypothetical Canadian return Morris prepared.

7. The United States does not consent to the admission into evidence of the Hypothetical Canadian Tax Return or any U.S. tax returns and forms prepared by Mr. Morris. They constitute inadmissible hearsay, are based on inadmissible hearsay, are irrelevant, and essentially constitute an attempt to introduce an expert opinion under the guise of Mr. Morris's lay testimony.

8. In response to the United States' objections, Mr. Morris stated his intent to subpoena Charles Rettig, the Commissioner of Internal Revenue (or a designee), for testimony at the hearing.

9. Counsel for the United States informed Mr. Morris that the subpoena failed to provide sufficient detail about the matters for which he sought testimony. Under the IRS's *Touhy* Regulations, 26 C.F.R. § 301.9000-3, IRS employees cannot testify without an authorization. That authorization, in turn, must specify the matters on which the witness is permitted to testify.

10. Mr. Morris responded with a new subpoena and a list of topics for testimony. Undersigned counsel informed Mr. Morris that the United States would not voluntarily produce a witness to testify on those topics (especially not the Commissioner). The primary reason was the topics had no relevance to the proceeding. The United States further objected to several of the

topics which involved purely legal issues for which factual testimony was unnecessary and to one topic that was covered by a previously-filed stipulation between the parties.

11. Mr. Morris responded with another subpoena and a revised list of topics. The list was essentially the same as the first but omitted most of the topics that were purely legal in nature and the one for which a stipulation had already been entered. It is that most recent subpoena which is the subject of this motion to quash. A copy of the subpoena with the modified list of topics is attached.

## THE SUBPOENA IS PROCEDURALLY DEFFECTIVE

12. The Court should quash the subpoena because it was not issued properly. Rule 45(a)(2) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 45(a)(2) (made applicable in bankruptcy by Fed. R. Bankr. P. 9016) only permits a subpoena to be issued by either: (1) the clerk of the court; or (2) an attorney "if the attorney is authorized to practice in the issuing court." Mr. Morris issued and signed the subpoena, not the clerk of the court. It is undersigned counsel's understanding, however, that Mr. Morris is not admitted to practice in this Court. The subpoena is therefore facially invalid and unenforceable. *In re Luhr Bros., Inc.*, No. CIVA 05-1434, 2007 WL 756588, *2 (E.D. La. Mar. 7, 2007).[1]

## THE SUBPOENA HAS NOT BEEN PROPERLY SERVED

13. The subpoena should be quashed because it has not been served properly. "'The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required' to effectuate the Rule's 'delivery' requirement." *Yarus v. Walgreen Co.*, No. CIV.A. 14-1656, 2015

---

[1] *See also ACS Partners, LLC v. GFI Mgmt. Servs., Inc.*, No. 1:16-CV-1763-LMM, 2016 WL 11567571, at *2 (N.D. Ga. Aug. 25, 2016), report and recommendation adopted sub nom. *ACS Partners v. GFI Mgmt. Servs., Inc.*, No. 1:16-CV-1763-LMM-LTW, 2016 WL 11567565 (N.D. Ga. Sept. 12, 2016); *Narcoossee Acquisitions, LLC v. Kohl's Dep't Stores, Inc.*, No. 6:14-CV-203-ORL-41TB, 2014 WL 4279073, at *3 (M.D. Fla. Aug. 28, 2014).

WL 4041955, at *2 (E.D. Pa. July 1, 2015) (collecting cases). It is undersigned counsel's understanding that Mr. Morris has not personally served the Commissioner. The subpoena should therefore be quashed.

### COMPLIANCE WITH THE SUBPOENA WOULD BE UNDULY BURDENSOME

14. Rule 45(d)(3)(A) requires a court, on timely motion, to quash or modify a subpoena that subjects a person to an undue burden. When testimony sought through a subpoena is irrelevant to any issue in a case, any burden imposed on the subpoenaed witness is more than necessary and thus unduly burdensome. *Vike v. Coopman*, No. 08-CV-486-BBC, 2009 WL 3321018, at *1 (W.D. Wis. Oct. 14, 2009). *See also Jimenez v. City of Chicago*, 733 F.Supp.2d 1268, 1273 (W.D. Wash. 2010) ("The compulsion of production of irrelevant information is an inherently undue burden.").

15. The list of topics for which Mr. Morris seek testimony from an IRS representative contains eight statements. They concern: (1) the IRS's general practice of accepting returns prepared by taxpayers (including returns prepared using tax preparation software) and making assessments based on the self-reported amounts due on those returns; (2) the fact that the IRS's challenged assessment was based on the debtor's self-reported liability; and (3) a prediction that if the debtor had filed Morris's hypothetical Form 1116, the IRS would have accepted it and allowed the debtor to claim a foreign tax credit.

16. These statements have no relevance to the ultimate issue in this case–the debtor's tax liability for 2016–or any antecedent factual issues. Instead, they appear designed to support a frivolous argument that because: (1) the IRS accepts most returns (including those prepared with tax preparation software) at face value, (2) Mr. Morris has prepared returns with tax *Canadian* preparation software that show a Canadian tax liability and no U.S. liability; and (3) Mr. Morris

believes the debtor should have filed a U.S. tax return claiming the foreign tax credit resulting from the liability shown on the Canadian tax return he prepared with the software, therefore the Court should rule that the debtor had no U.S. tax liability, because odds are the IRS would have accepted Morris's preferred hypothetical tax return at face value and never assessed a tax liability.

17.    These topics for which Morris seeks testimony also have no relevance to the United States' objection to the admissibility of the "Debtor 2016 Hypothetical Canadian Tax Return" and "2016 Hypothetical Foreign Tax Credit Form 1116." The IRS's general practice of accepting returns prepared with tax preparation software has no bearing on whether, *in a trial in federal court subject to the Federal Rules of Evidence*, these specific documents constitute inadmissible hearsay, are based on inadmissible hearsay, are irrelevant to ultimate issue in this dispute, or constitute an expert opinion Mr. Morris is not qualified to give.

18.    Since the testimony Mr. Morris seeks thus is irrelevant to any factual or evidentiary issues in the upcoming trial, the burden imposed an IRS representative required to comply with the subpoena would be unduly burdensome.

19.    The burden is especially undue and excessive given Mr. Rettig's role as the head of the agency. *In re Stone*, 986 F.2d 898, 904 (5th Cir. 1993) ("Obviously, high-ranking officials of cabinet agencies could never do their jobs if they could be subpoenaed for every case involving their agency. As a result, we have held that such subpoenas are appropriate only in egregious cases."). It is inconceivable that the benefit to Mr. Morris of Mr. Rettig's irrelevant testimony would outweigh the burden imposed on both the Commissioner and the agency if he were required to prepare for and participate in the hearing.

20. For the foregoing reasons, the United States respectfully requests that the Court quash the subpoena of Mr. Rettig.

Dated: August 7, 2020

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Ward W. Benson*
WARD W. BENSON
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone: 202-514-9642
Email: ward.w.benson@usdoj.gov
*Counsel for the United States of America*