FILED
1/22/21 2:55 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | ) | **Bankruptcy No. 17-20543-JAD** |
| | ) | |
| **DAVID H. ZIMMER,** | ) | **Chapter 7** |
| | ) | |
| Debtor. | ) | |
| _____ | X | |
| | ) | |
| **DANIEL PETER MORRIS and LUCILLE AIOSA MORRIS,** | ) | |
| | ) | |
| | ) | |
| Movants, | ) | **Related to Doc. No. 456** |
| | ) | |
| vs. | ) | |
| | ) | |
| **DAVID H. ZIMMER, DEPARTMENT OF TREASURY INTERNAL REVENUE SERVICE, and ROSEMARY C. CRAWFORD, Chapter 7 Trustee,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | X | |

## MEMORANDUM OPINION

By way of Memorandum Opinion and Order dated December 4, 2020, this Court overruled an objection filed by Mr. Daniel Peter Morris and Mrs. Lucille Aoisa Morris (collectively, the "Morris Creditors") to the tax claim filed by the United States Internal Revenue Service (the "IRS"). See ECF Nos. 448 and 449.

Unsatisfied with that result, the Morris Creditors (through Mr. Morris who is a licensed attorney) filed another motion in this bankruptcy case at ECF No. 456, which is captioned on the docket as follows: "CREDITORS DANIEL PETER MORRIS AND LUCILLE AIOSA MORRIS MOTION FOR REARGUMENT UNDER

FED. R. BANKR. P. 8002(b) AND RECONSIDERATION UNDER FED. R. BANKR. P. 9023 OF THE DECISION AT DOC 440 AND ORDER AT DOC 441 ON MORRISES' MOTION AT CASE 17-20543-JAD DOC 241 TO EXPUNGE AND DISALLOW CLAIM 13 OF DEPARTMENT OF TREASURY INTERNAL REVENUE SERVICE UNDER 11 U.S.C. § 502" (the "Motion for Reconsideration").

Seemingly unpersuaded by the averments contained within the Motion for Reconsideration, the Morris Creditors followed up this motion with a pleading filed at ECF No. 458, which is captioned as follows: "CREDITORS DANIEL PETER MORRIS AND LUCILLE AIOSA MORRIS SUPPLEMENTAL SUBMISSION IN SUPPORT OF DOC 456 MOTION FOR REARGUMENT UNDER FED. R. BANKR. P. 8002(b) AND RECONSIDERATION UNDER FED. R. BANKR. P. 9023 OF THE DECISION AT DOC 440 AND ORDER AT DOC 441 ON MORRISES MOTION AT CASE 17-20543-JAD DOC 241 TO EXPUNGE AND DISALLOW CLAIM 13 OF DEPARTMENT OF TREASURY INTERNAL REVENUE SERVICE UNDER 11 U.S.C. § 502."

After the IRS filed its response in opposition to the Motion for Reconsideration, the Morris Creditors continued their battle against the IRS by filing more pleadings at ECF Nos. 460 and 461, which are captioned on the docket as follows: "CREDITORS DANIEL PETER MORRIS AND LUCILLE AIOSA MORRIS REPLY IN SUPPORT OF DOC 456 MOTION FOR REARGUMENT UNDER FED. R. BANKR. P. 8002(b) AND RECONSIDERATION UNDER FED. R. BANKR. P. 9023

OF THE DECISION AT DOC 440 AND ORDER AT DOC 441 ON MORRISES MOTION AT CASE 17-20543-JAD DOC 241 TO EXPUNGE AND DISALLOW CLAIM 13 OF DEPARTMENT OF TREASURY INTERNAL REVENUE SERVICE UNDER 11 U.S.C. § 502 AND IN REPONSES TO IRS RESPONSE AT DOC 459" and "CORRECTED CREDITORS DANIEL PETER MORRIS AND LUCILLE AIOSA MORRIS REPLY IN SUPPORT OF DOC 456 MOTION FOR REARGUMENT UNDER FED. R. BANKR. P. 8002(b) AND RECONSIDERATION UNDER FED. R. BANKR. P. 9023 OF THE DECISION AT DOC 440 AND ORDER AT DOC 441 ON MORRISES MOTION AT CASE 17-20543-JAD DOC 241 TO EXPUNGE AND DISALLOW CLAIM 13 OF DEPARTMENT OF TREASURY INTERNAL REVENUE SERVICE UNDER 11 U.S.C. § 502 AND IN REPONSES TO IRS RESPONSE AT DOC 459."

During the afternoon on the day before the hearing on the Motion for Reconsideration, the Morris Creditors filed yet another pleading at ECF No. 462, and this document is captioned on the docket as follows: "SUPPLEMENTAL REPLY IN SUPPORT OF DOC 456 MOTION FOR REARGUMENT UNDER FED. R. BANKR. P. 8002(b) AND RECONSIDERATION UNDER FED. R. BANKR. P. 9023 OF THE DECISION AT DOC 448 AND ORDER AT DOC 449 ON MORRISES MOTION AT CASE 17-20543-JAD DOC 241 TO EXPUNGE AND DISALLOW CLAIM 13 OF DEPARTMENT OF TREASURY INTERNAL REVENUE SERVICE UNDER 11 U.S.C. § 502 AND IN REPONSES TO IRS RESPONSE AT DOC 459."

The onslaught of filings by the Morris Creditors did not stop there.  Later in the evening before the hearing on the Motion for Reconsideration, the Morris Creditors filed a further pleading at ECF No. 463, which is captioned on the docket as follows:  "SECOND SUPPLEMENTAL REPLY IN SUPPORT OF DOC 456 MOTION FOR REARGUMENT UNDER FED. R. BANKR. P. 8002(b) AND RECONSIDERATION UNDER FED. R. BANKR. P. 9023 OF THE DECISION AT DOC 448 AND ORDER AT DOC 449 ON MORRISES MOTION AT CASE 17-20543-JAD DOC 241 TO EXPUNGE AND DISALLOW CLAIM 13 OF DEPARTMENT OF TREASURY INTERNAL REVENUE SERVICE UNDER 11 U.S.C. § 502 AND IN REPONSES TO IRS RESPONSE AT DOC 459."

The Court conducted a hearing on the Motion for Reconsideration on January 19, 2021, and shortly thereafter the Morris Creditors continued their siege of legal filings  by filing a pleading at ECF No. 465, which is captioned on the docket as follows:  "THIRD SUPPLEMENTAL REPLY IN SUPPORT OF DOC 456 MOTION FOR REARGUMENT UNDER FED. R. BANKR. P. 8002(b) AND RECONSIDERATION UNDER FED. R. BANKR. P. 9023 OF THE DECISION AT DOC 448 AND ORDER AT DOC 449 ON MORRISES MOTION AT CASE 17-20543-JAD DOC 241 TO EXPUNGE AND DISALLOW CLAIM 13 OF DEPARTMENT OF TREASURY INTERNAL REVENUE SERVICE UNDER 11 U.S.C. § 502 AND IN REPONSES TO IRS RESPONSE AT DOC 459."

This post-hearing filing was then followed up with immediate reinforcement

when the Morris Creditors filed with the Court another supplemental filing at ECF

No. 466, which is captioned on the docket as: "FOURTH SUPPLEMENTAL REPLY

IN SUPPORT OF DOC 456 MOTION FOR REARGUMENT UNDER FED. R. BANKR.

P. 8002(b) AND RECONSIDERATION UNDER FED. R. BANKR. P. 9023 OF THE

DECISION AT DOC 448 AND ORDER AT DOC 449 ON MORRISES MOTION AT

CASE 17-20543-JAD DOC 241 TO EXPUNGE AND DISALLOW CLAIM 13 OF

DEPARTMENT OF TREASURY INTERNAL REVENUE SERVICE UNDER 11 U.S.C.

§ 502 AND IN REPONSES TO IRS RESPONSE AT DOC 459."

The record reflects that the Morris Creditors are no strangers to this

bankruptcy case, having previously filed a dizzying array of motions, objections,

responses, replies, and similar papers.  In fact, given the dizzying array of filings,

this Court observed that the litigation contained within this bankruptcy case is

"reminiscent of the infamous case of Jarndycy v. Jarndyce as described in the

Charles Dickens' novel *Bleak House*[.]" See ECF No. 452, at p. 16.

The gist of this bankruptcy case is that the Morris Creditors were defrauded

by their former lawyer, Mr. David Zimmer (who has been disbarred and has been

denied a discharge in bankruptcy), and the Morris Creditors would like to be

compensated from this bankruptcy estate and leave nothing for payment to the

IRS. See ECF Nos. 452 and 453.

A part of the Morris Creditors' strategy has been to seek the disallowance

of the IRS claim.  However, the Morris Creditors' objection to the IRS claim was

overruled by the Court by way of Memorandum Opinion and Order dated December 4, 2020. See ECF Nos. 448 and 449. Undaunted by this result, the Morris Creditors have now filed their Motion for Reconsideration and related papers.

The Motion for Reconsideration and related papers consist of 8 legal filings, which contain over 100 pages of material and at least 200 paragraphs of prose (not including sub-parts), and can generously be described as a "cut and paste" stream of consciousness. Previously in this case, Daniel Morris, Esquire was cautioned by the Court about the prolixy and confusion of his papers. In a memorandum order dated November 19, 2018, this Court advised Mr. Morris:

> The Court would note that the movants are self-represented by Mr. Daniel Peter Morris who is a licensed attorney in the state of New York. As Mr. & Mrs. Morris were previously reminded by the United States Circuit Court for the Second Circuit, "pleadings authored by pro se attorneys such as Daniel Morris typically cannot claim the special consideration which the courts customarily grant pro se parties." Morris v. Zimmer, 637 Fed.Appx. 654, 656 (2nd Cir. 2016)(citing Holtz v. Rockefeller & Co., 258 F.3d 62, 82 n. 4 (2nd Cir. 2001).

> The Court further notes that other courts have denied motions when the relief sought is either non-discernable or is replete with erratically formatted lines of syntax which makes the request for relief incoherent. See e.g., Giron et al. v. Chase Home Mortgage Finance, LLC et al., Slip Copy, 2012 WL 13001851 at *1 (June 13, 2012, D. New Mexico). This Court and others have also held that it is not the Court's job to do counsel's work of organizing and formulating a party's arguments. See e.g., In re Grigg, 568 B.R. 498, 521 (Bankr. W.D. Pa. 2017)(collecting cases). As the Seventh Circuit Court of

> Appeals stated: "judges are not Sedoku masters . . . who enjoy filling in a grid with few hints about where things go." <u>Id</u>. (citing <u>In re Boone County Utilities, LLC</u>, 506 F.3d 541, 542 (7th Cir. 2007).

<u>See</u> Memorandum Order Denying Motion, ECF No. 187.

The Court raises this point because Mr. Morris consistently refuses to take the Court's instruction seriously, and his robust filings reflect a patchwork of "cut and paste" legal analysis that would make a Byzantine scholar proud.

Notwithstanding the challenges posed by the manner in which Mr. Morris presents his legal papers, the Court copiously reviewed the record of these proceedings, including reading and re-reading the Motion for Reconsideration. The Court closely examined the supplemental pleadings related to the Motion for Reconsideration, the exhibits and authorities cited therein, the submissions at trial, the trial transcript, and the post-trial briefs of the parties. The Court also duly considered applicable law. Based on the foregoing, the Court concludes that the Motion for Reconsideration is without merit.

Federal Rule of Civil Procedure 59(e),[1] incorporated into this bankruptcy

---

[1] The Motion for Reconsideration makes a very brief reference to Federal Rule of Civil Procedure 60(b), which is incorporated into bankruptcy cases by operation of Federal Rule of Bankruptcy Procedure 9024. Since the Motion for Reconsideration was filed within the 14 day time period provided for in Federal Rule of Bankruptcy Procedure 9023, neither Federal Rule of Civil Procedure 60(b) nor Federal Rule of Bankruptcy Procedure 9024 have any application to the merits of the Motion for Reconsideration. <u>See</u> <u>e.g.</u>, <u>Ahmed v. Dragovich</u>, 297 F.3d 201, 208-09 (3rd Cir. 2002)(Rule 59 motion filed beyond time period is treated as a Rule 60 motion); <u>Venen v. Sweet</u>, 758 F.2d 117, 122-23 (3rd Cir. 1985)(when the "functional equivalent" of a Rule 59 motion is filed untimely, the motion is treated as a Rule 60 motion); <u>United States v. McGlory</u>, 202 F.3d 664, 668 (3rd Cir. 2000)(motion to "reconsider" filed within the time period set forth in Rule 59 is decided under Rule 59).

case by operation of Federal Rule of Bankruptcy Procedure 9023, affords bankruptcy courts with the power to alter or amend judgments after their entry. Applicable law provides that such motions, like the Motion for Reconsideration, will not be granted absent extraordinary circumstances. Ellenberg v. Bd. of Regents of Univ. Sys. of Ga. (In re Midland Mechanical Contractors, Inc.), 200 B.R. 453, 456 (Bankr. N.D. Ga. 1996).

The standard for relief is high. In re Secivanovic, Civ. No. 06-3098 (GEB), 2006 WL 3109007 at *3 (D.N.J. 2006). When asking for Rule 59(e) relief, the movant has the burden of demonstrating either: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3rd Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3rd Cir. 1995)).

As one court aptly summarized this standard, "[t]he Court will grant a motion for reconsideration only when its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter." In re Secivanovic, at *3 (citing United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). The word "overlooked" is an operative term. Id. (citing Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). In this regard,

> [Rule 59(e)] is not designed to furnish a vehicle by which
> a disappointed party may reargue matters already

> argued and disposed of, nor [is it] aimed at providing a
> mechanism by which new arguments or legal theories,
> which could and should have been raised prior to the
> issuance of judgment, can be later advanced.

In re Midland Mechanical Contractors, Inc., 200 B.R. at 456 (quoting In re DEF
Inv., Inc., 186 B.R. 671, 680-81 (Bankr. D. Minn. 1995)(citing Bannister v.
Armontrout, 4 F.3d 1434, 1440 (8th Cir. 1993)).

Nor is it proper to utilize Rule 59(e) to pad the record for appeal, as
introducing new legal theories or padding the record on appeal constitutes "an
abuse of the Rule 59(e) motion which the Court normally will not condone." Id.

With the preceding standards in mind, the Court finds the Morris Creditors'
Motion for Reconsideration to be without merit because: (a) it restates the
arguments that the Morris Creditors had previously made in this case, (b) it
rehashes the Morris Creditors' opposition to the weight accorded by the Court to
testimony given by Mr. Zimmer at trial, and (c) it seeks to make additional
arguments that the Morris Creditors had ample opportunity to make prior to trial
(and therefore have been waived).

Because the Motion for Reconsideration merely raises disagreement with the
Court's decisions, the motion is nothing but another attempt to obtain the
proverbial "second bite of the apple," which the Court will not permit. See
Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3rd Cir. 1995)(motions
for reconsideration do not provide litigants with an opportunity for a "second bite
at the apple").

Even if the Motion for Reconsideration is not construed as an impermissible "second bite of the apple" or an impermissible attempt to pad the record on appeal after the trial court record is closed, the Court finds that the Motion for Reconsideration is substantively without merit.

By way of example, the Morris Creditors renew their challenge to the IRS claim by attacking this Court's determination that there is insufficient evidence supporting the Morris Creditors' argument that Mr. Zimmer had earned income in Canada (which, according to the Morris Creditors, could give rise to a foreign tax credit on Mr. Zimmer's U.S. tax return).[2]

Citing to the stipulation of facts filed by the parties at ECF No. 393, which represented that Mr. Zimmer was a Canadian resident, the Morris Creditors contend that this provision of the stipulation should have ended any inquiry regarding the location of Mr. Zimmer's residence.

At first blush, the Morris Creditors' argument regarding the stipulation of fact is worthy of consideration.  The well-recognized rule of law is that "valid stipulations [of fact] entered into freely and fairly, and approved by the court, should not be lightly set aside." Waldorf v. Shuta, 142 F.3d 601, 616 (3rd Cir. 1998) (internal quotation omitted).  Stipulations of fact are enforceable and are

---

[2]  Exactly where Mr. Zimmer is deemed to have earned his income became an issue in this case because "while he proclaimed to be residing in the Western District of Pennsylvania as of the petition date, Mr. Zimmer's actual residence could generously be described as nomadic. That is, he resided in Canada, Mexico and the United States from time to time in year 2016, and later was living in Canada when the instant bankruptcy case was commenced on February 14, 2017." See ECF No. 452, at p. 3.

encouraged because they narrow the dispute at trial, thereby assisting in the speedy and efficient disposition of cases. United States v. Reading Co., 289 F.2d 7, 9 (3rd Cir.1961); accord Minneapolis Brewing Co. v. Merritt, 143 F. Supp. 146, 148-49 (D.N.D. 1956)("stipulation, being a formal agreement conceding or admitting matters incident to judicial proceedings, is to be encouraged as a means of simplifying issues and avoiding unnecessary proof").

The weakness with the Morris Creditors' argument, however, is that the Morris Creditors' case did not merely rest on their stipulation of facts with the IRS. Instead, at the trial of this matter, the Morris Creditors unilaterally elected to go beyond the stipulation and affirmatively called Mr. Zimmer to testify under oath. It therefore was the Morris Creditors who proceeded to elicit additional testimonial evidence describing the nomadic path of Mr. Zimmer's residency, and it was this evidence which the Court ultimately accepted based upon its consideration of the entire record made at trial. See e.g. Transcript of September 9, 2020 (the "Trial Transcript"), ECF No. 418 at pages 37 and 48-51.

By calling Mr. Zimmer as a witness without objection of the IRS, and by examining Mr. Zimmer at trial regarding the location of his residence, the Morris Creditors waived any right that they may have had to object to the Court's consideration of further evidence with respect to Mr. Zimmer's residency. Cf. Waldorf v. Shuta, 142 F.3d at 616 (holding that stipulations are not absolute and courts can grant parties relief from stipulations).

-11-

As such, the Court's independent determination of the facts was entirely appropriate because a judge is neither a wallflower nor a potted plant and a judge's weighing of evidence should be commended and not condemned.  Tagatz v. Marquette Univ., 861 F.2d 1040, 1045 (7th Cir. 1988)(opinion by Posner, J.); see also Platt v. United States, 163 F.2d 165, 168 (10th Cir. 1947)("[p]arties may by stipulation establish evidentiary facts to obviate the necessity of offering proof, but based thereon the court must itself find the ultimate facts upon which the conclusions of law and the judgment are based").

By the Motion for Reconsideration, the Morris Creditors also take issue with the Court's credibility determinations regarding some of Mr. Zimmer's testimony. The Morris Creditors cite Mr. Zimmer's criminal conviction and his past fraudulent activities and argue that the Court erroneously found Mr. Zimmer's testimony to be convincing.  In considering this argument, the Court observes that Mr. Zimmer has a history of being a fraudster and that the Morris Creditors challenge his testimony on this basis.  Even if the Court was to accept the Morris Creditors' argument, accepting it does not warrant reconsideration of this Court's allowance of the IRS claim.  The Court reaches this conclusion because the IRS claim is allowable without regard to any of the testimony of Mr. Zimmer.

At the trial of this matter, the 2016 tax return filed by Mr. Zimmer with the IRS was authenticated and accepted into evidence upon consent of the Morris Creditors.  The United States also offered into evidence a Form 4340 Certificate

of Assessment for David Zimmer's 2016 income tax return– which is the tax year at issue in this litigation.  The Morris Creditors stipulated to the admission of the Certificate of Assessment (see Joint Stipulation of Facts, ECF No. 393), and the Court duly admitted it into evidence. See Trial Transcript at pages 5-6.  That exhibit established the United States' *prima facie* case. United States v. Fior D'Italia, Inc., 536 U.S. 238, 242 (2002).

Accordingly, the IRS tax assessment giving rise to the IRS claim is based upon Mr. Zimmer's self-reported tax liability as set forth in his 2016 U.S. tax return and, under applicable law, is presumed to be correct as a matter of law. See United States v. Loreno, No. 1:10-CV-183-SJM, 2013 WL 2668213, at *2 (W.D. Pa. June 12, 2015), United States v. Kavanaugh, No. 02:07-CV-0432, 2009 WL 1177088, at *5 (W.D. Pa. Apr. 29, 2009), and United States v. Fior D'Italia, Inc., 536 U.S. at 242.

Under applicable law a taxpayer is not entitled to a foreign tax credit unless it is actually claimed on a U.S. tax return and associated forms or schedules.  As the United States Tax Court has held: "[P]ermitting a credit for foreign income taxes paid or accrued is an act of grace on the part of Congress, and a taxpayer seeking to benefit from such a credit must prove that all the conditions upon which its allowance depends have been fulfilled." Wilcox v. C.I.R., 96 T.C.M. 193 (T.C. 2008); see generally INDOPCO, Inc. v. C.I.R., 503 U.S. 79, 84 (1992).

With respect to those conditions, a tax credit simply does not exist for

-13-

present purposes unless the taxpayer is eligible for the credit <u>and</u> the taxpayer properly claims it. <u>Cf</u>. <u>Mourad v. Commissioner</u>, 121 T.C. 1, 7 (2013)(taxpayer who failed to claim or comply with statutory requirements for claiming low-income housing credits not eligible for such credits), <u>aff'd</u> 387 F.3d 27 (1st Cir. 2003). However, in the instant case, the evidence reflects that Mr. Zimmer never claimed a foreign tax credit in his 2016 U.S. tax return or related documents. <u>See</u> Treas. Reg. 1-905-2(a)(1)(requiring that any claim for a foreign tax credit in a tax return must be accompanied with a completed "Form 1116").[3]

Accordingly, without regard to any of the testimony of Mr. Zimmer, the record reflects that the IRS claim has been duly proved, and the phantom foreign tax credit asserted by the Morris Creditors has not been produced or shown by way of any admissible evidence at trial.  Therefore to the extent the Morris Creditors' arguments about Mr. Zimmer's testimony have any merit (which is highly doubtful since the Court examined Mr. Zimmer's demeanor and words closely), any mistake by the Court with respect to credibility determinations regarding Mr. Zimmer's testimony would at best be harmless error not warranting the *vacatur* of the order allowing the claim of the IRS. <u>Glass v. Phila. Elec. Co.</u>, 34 F.3d 188, 191 (3rd Cir. 1994) (discussing the "harmless error" doctrine); <u>see also</u> <u>Lockhart v. Westinghouse Credit Corp.</u>, 879 F.2d 43, 53 & 59 (3rd Cir. 1989)(same)

---

[3]  There also is no evidence that Mr. Zimmer ever paid any Canadian taxes and there is no evidence that Mr. Zimmer ever filed a Canadian tax return.

and Fed. R. Bankr. P. 9005 (adopting Fed. R. Civ. P. 61, which provides that at

"every stage of the proceeding, the court must disregard all errors and defects that

do not affect any party's substantial rights").

Another argument pressed by the Morris Creditors' Motion for

Reconsideration is the contention that the IRS claim should be disallowed by

operation of Federal Rule of Bankruptcy Procedure 3001(c), which requires that

claims "based on a writing" have the writing attached to the claim.  That is,

because the Form 4340 Certificate of Assessment was not attached to the IRS

claim, the Morris Creditors contend that Federal Rule of Bankruptcy Procedure

3001(c) bars the IRS claim.  Here, the Morris Creditors both plow old ground and

attempt to plant new legal crops.

As to plowing old ground, this Court previously rejected the Morris

Creditors' reliance upon Federal Rule of Bankruptcy Procedure 3001(c) because

the IRS claim is a statutory claim and not one "based on a writing."

The United States Court of Appeals for the Third Circuit addressed the

"based on a writing" requirement of Federal Rule of Bankruptcy Procedure

3001(c), and joined the majority of courts which limit this rule's application to

situations where the writing itself creates the purported debt due the creditor.

As the Third Circuit recognized:

> We reach this conclusion because even though we have
> not addressed comprehensively the meaning of "writing,"
> and Rule 3001(c) does not define that term, courts have
> observed that the rule only applies when a writing

created the purported obligation and is not applicable merely because a document might play some role in establishing the claim. <u>See</u> <u>In Re Los Angeles Int'l Airport Hotel Assoc.</u>, 106 F.3d 1479, 1480 (9th Cir.1997) ("Rule 3001(c) is invoked where the obligation itself, and not its consequent enforcement, is based upon a writing."); <u>In re Fuller</u>, 204 B.R. 894, 898 (Bankr.W.D.Pa.1997) (holding that a claim based on an IRS tax lien was not "based on a writing," but rather on federal statutes).

<u>See</u> <u>Payne v Lampe (In re Lampe)</u>, 665 F.3d 506, 514-15 (3rd Cir. 2011); <u>see also</u> <u>In re Shabazz</u>, 206 B.R. 116, 124 (Bankr. E.D. Va. 1996); <u>Vines v. U.S. (In re Vines)</u>, 200 B.R. 940, 948 (M.D. Fla. 1996); <u>In re Tyner</u>, 301 F.Supp. 1234, 1236 (M.D. Ga. 1969 (case under the 1898 Bankruptcy Act).

Under the Bankruptcy Code, a "claim" is a "right to payment." 11 U.S.C. § 101(5)(A). The IRS's right to payment of income taxes arises by statute regardless of when or even whether an assessment is made and regardless of whether a Form 4340 is attached to the proof of claim filed by the IRS. In fact, the Internal Revenue Code expressly provides that the IRS may file a proof of claim if the IRS has not made an assessment through the normal deficiency procedures, 26 U.S.C. § 6213(f)(2), and the Bankruptcy Code expressly authorizes the Court to determine tax claims regardless of whether an assessment has been made. 11 U.S.C. § 505(a)(1).

Moreover, the Form 4340 Certificate of Assessment was admitted into evidence at trial with the consent of the Morris Creditors. As a result, the Morris Creditors objection based upon Federal Rule of Bankruptcy Procedure 3001(c) has

been waived.  This conclusion is consistent with the language of Bankruptcy Rule 3001(c), which expressly permits the Court to authorize the later submission of a "writing" if the omission of the "writing" in the first instance was harmless. See Federal Rule of Bankruptcy Procedure 3001(c)(2)(D)(i).

In terms of planting new legal crops, the Morris Creditors attempt to circumvent the Court's findings regarding the inapplicability of Federal Rule of Bankruptcy Procedure 3001(c) in this case by contending that interpreting the rule according to its plain language somehow violates the Morris Creditors' rights to Equal Protection under the law.  Stated in other words, the Morris Creditors appear to contend that it is inappropriate for the rule to require that documents be attached to a claim when the claim is based upon a writing, and to not impose similar requirements when the claim is a statutory based claim or a claim arising out of common law.[4]

Courts have held that defenses not raised or argued at trial are ordinarily waived by the parties failing to raise them.  Cunningham v. Healthco, Inc., 824 F.2d 1448, 1458 (5th Cir. 1987)(citing Grumman Aircraft Eng. Corp. v. Renegotiation Board, 482 F.2d 710, 721 (D.C. Cir.1973), rev'd on other grounds, 421 U.S. 168 (1975); Echevarria v. U.S. Steel Corp., 392 F.2d 885 (7th Cir.1968);

---

[4]  The Court notes that the Morris Creditors impermissibly inflate Bankruptcy Rule 3001(c) to cloak it with the power to disallow claims as a matter of substantive law.   Such a construction of Bankruptcy Rule 3001 violates the Rules Enabling Act, 28 U.S.C. § 2075, because Bankruptcy Rule 3001 is a procedural rule. See e.g., In re Davenport, 544 B.R. 245, 251 (Bankr. D.C. 2015).

Zweig v. Bethlehem Supply Co., 186 F.2d 20 (5th Cir.1951); Adams v. Thompson, 560 F.Supp. 894, 896 (M.D.La.1983);  Berkey Photo, Inc. v. Eastman Kodak Co., 457 F.Supp. 404, 441 (S.D.N.Y.1978), rev'd in part on other grounds, 603 F.2d 263 (2nd Cir.1979), cert. denied, 444 U.S. 1093 (1980); Ballew v. Assoc. Financial Services Co. of Neb., 450 F.Supp. 253, 270 (D. Neb.1976)).

Upon review of the record, this Court concludes that the Equal Protection argument of the Morris Creditors has been waived because the Morris Creditors had ample opportunity to assert this challenge prior to trial but did not do so. Even if the Equal Protection challenge is deemed to be timely, the challenge is not persuasive for a couple of reasons.

First, the Morris Creditors do not undertake a facial challenge to Federal Rule of Bankruptcy Procedure 3001(c).  Instead, they make an indirect or "as applied" challenge to the rule.  The problem with this challenge is that the rule at issue has no application to this case, and the Morris Creditors have not articulated how an unapplied statute or rule can fall within an "as applied" constitutional challenge.

Second, the Morris Creditors fail to engage in any substantive analysis of Equal Protection jurisprudence.  While the Morris Creditors' filings are lengthy, at no point do the Morris Creditors' cogently articulate any basis by which Bankruptcy Rule 3001(c) classifies people *qua* people differently.  Indeed, the rule itself in both its language and application is race neutral, gender neutral, age

neutral, religion neutral, and the like with respect to all persons.  The Morris
Creditors' filings also contain no meaningful, decipherable, or helpful analysis as
to whether written contract based claimants falling within Bankruptcy Rule
3001(c) and tax claimants, like the IRS, falling outside the scope of the rule are
similarly situated.  There also is no discussion as to whether claimants such as
the Morris Creditors are members of a protected class and are sufficiently
aggrieved by the inapplication of the rule to confer standing upon them to assert
a claim under the Equal Protection Clause of the U.S. Constitution.  There also is
no discussion or analysis of the potential rational basis for the provisions of
Federal Rule of Bankruptcy Procedure 3001(c). Cf. United States v. Kras, 409 U.S.
434, 448 (1973)(rational basis review of constitutional challenges to bankruptcy
filing fee structure);  In re Tomco, 339 B.R. 145, 157 (Bankr. W.D. Pa.
2006)(rational basis review to constitutional challenges to credit counseling
requirements in bankruptcy); see also City of New Orleans v. Dukes, 427 U.S.
297, 303 (1976)(unless a "classification trammels fundamental personal rights or
is drawn upon inherently suspect distinctions such as race, religion, or alienage,
our decisions . . . require only that the classification challenged be rationally
related to a legitimate state interest"); United States Railroad Retirement Board v.
Fritz, 449 U.S. 166, 179 (1980)(if plausible reason exists for the classification,
"inquiry is at an end" in instances where the standard of review is rational basis
review).

Under these circumstances, the Morris Creditors have not stated an appropriate challenge under the Equal Protection Clause, even if the objection on this basis could be deemed timely.

Third, even if the Equal Protection challenge is timely and valid, any objection based upon an alleged Equal Protection violation would not result in disallowance of the IRS claim. Rather, if application of Bankruptcy Rule 3001(c) violates Equal Protection, then the rule would not be enforceable in this case. If the rule is not enforceable, then it is of no moment to the allowance and disallowance of the IRS claim because the rule has never been applied to the IRS claim in the first instance. Stated in other words, the Morris Creditors argue themselves into a knot, which they cannot untangle in their favor because all options lead to the inapplicability of Federal Rule of Bankruptcy Procedure 3001(c) to these proceedings.

Finally, the Morris Creditors request that the Court hold another evidentiary hearing on this matter. This request shall be denied because the Morris Creditors had ample opportunity to present their case at the trial held on September 9, 2020. The Morris Creditors' request is therefore just another attempt to take a second bite of the apple in lieu of an appeal, which is not warranted under the circumstances.

-20-

For all of the reasons set forth above, an order shall be entered that denies

the Motion for Reconsideration.

Date: January 22, 2021

The Honorable Jeffery A. Deller
United States Bankruptcy Judge

cc:    Daniel P. Morris, Esquire, counsel to the Morris Creditors
       Ward Benson, Esquire, counsel to the United States/IRS
       Rosemary Crawford, Esquire, Chapter 7 Trustee