FILED
8/11/21 12:32 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **DAVID H. ZIMMER,** | ) | **Case No. 17-20543-JAD** |
| | ) | |
| Debtor. | ) | **Chapter 7** |
| _____ X | ) | |
| | ) | **Related to ECF Nos. 531 & 535** |
| **DAVID H. ZIMMER,** | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| - v - | ) | |
| | ) | |
| **ROSEMARY C. CRAWFORD,** | ) | |
| **as Chapter 7 Trustee, THE** | ) | |
| **CLIENT PROTECTION FUND** | ) | |
| **OF THE BAR OF MARYLAND,** | ) | |
| **DANIEL PETER MORRIS, and** | ) | |
| **LUCILLE AIOSA MORRIS,** | ) | |
| | ) | |
| Respondents. | ) | |
| _____ X | | |

## MEMORANDUM OPINION

The matter having been heard before the Court on August 10, 2021 is the

*Objections of The Client Protection Fund of the Bar of Maryland to the Debtor's*

*Amended Exemptions* (the "Objections"). The Objections have been joined by

Daniel Peter Morris and Lucille Aoisa Morris (collectively, the "Morris Creditors").

The facts of this case are not in dispute. The record reflects that the

Chapter 7 Trustee, the Client Protection Fund of the Bar of Maryland, and the

Morris Creditors  entered into a settlement, which provided for the Debtor's

interest in certain decedent's estates and related assets (collectively, the

"Recoveries") to be remitted to the Chapter 7 Trustee for distribution to the

bankruptcy estate as follows: (a) $14,000 to the Chapter 7 Trustee on account of trustee fees and other administrative expenses of the Chapter 7 Trustee, (b) $12,064 to the Internal Revenue Service on account of its allowed claim, and (c) the remaining Recoveries shared equally between the estate's remaining creditors (i.e., the Morris Creditors and The Client Protection Fund for the Bar of Maryland).

The settlement was approved by an order of this Court dated March 10, 2020 and filed at ECF 370. The docket indicates that the settlement was not approved s*ua sponte*. Rather, as provided for in the bankruptcy rules (including without limitation Fed.R.Bankr.P. 9019 and Fed.R.Bankr.P. 2002), notice and opportunity to object to the terms of the settlement were provided to all parties in interest (including the debtor, Mr. David Zimmer).

The record further reflects that not only did Mr. Zimmer <u>not</u> object to the settlement, he <u>consented</u> to it. <u>See</u> ECF 376, *Letter Dated March 5, 2020 From David H. Zimmer* (encouraging the Court to "get this [i.e., the settlement] done" that it is time for this matter to "be put to bed").

Over a year after the settlement was approved, Mr. Zimmer now desires to amend his exemptions in an effort to be paid a portion of the Recoveries. Of course, as beneficiaries of the court approved settlement, the Client Protection Fund and the Morris Creditors have cried foul and argue that the belated amendment by Mr. Zimmer is ineffective because holding otherwise would improperly vitiate or modify the Court's final order approving the settlement.

Upon due consideration of the record and arguments of the parties, the Court agrees with the Client Protection Fund and the Morris Creditors.  Once the Court approved the settlement by Order dated March 10, 2020, Mr. Zimmer was subject to its terms by operation of *res judicata* or collateral estoppel. See Neblett v. Gress (In re Gress), 517 B.R. 543, 548-49 (Bankr. M.D. Pa. 2014)(belated amendment by debtor after entry of final turnover order with respect to assets was barred by doctrine of *res judicata*); Morris v. Zimmer (In re Zimmer), 623 B.R. 521, 560 (Bankr. W.D. Pa. 2021)(settlement order *sub judice* is final and binding)(citing Bezanson et al. v. Bayside Enterprises, Inc. et al. (In re Medomak Canning), 922 F.2d 895, 902-03 (1st Cir. 1990) and Adam et al. v. Itech Oil Co. (In re Gibralter Resources, Inc.), 210 F.3d 573, 576 (5th Cir. 2000)).

For purpose of completeness, the Court recognizes that the parties make reference in their arguments to the United States Supreme Court opinion in Law v. Siegel, 571 U.S. 415 (2014), which cabined or limited the bankruptcy court's equitable authority to deny or surcharge a debtor's exemptions.  The application of Law v. Siegel and its jurisprudence is certainly interesting; however, Mr. Zimmer should have asserted Law v. Siegel as a defense prior to entry of the settlement order by the Court. See e.g., In re Gress, supra. (debtor's exemption barred by entry final turnover order); see also Rickard v. BAC/Fleet (In re Rickard), 520 B.R. 486, 489-91  (Bankr. W.D. 2014)(where party claiming an interest in property subject to a settlement timely objected before the approval of

the settlement); <u>Cuda v. Nigro (In re Northview Motors, Inc.)</u>, 202 B.R. 389 (Bankr.W.D.Pa.1996), <u>rev'd on other grounds sub nom.</u>, <u>Northview Motors, Inc.</u> v. <u>Chrysler Motors Corp.,</u> 186 F.3d 346 (3d Cir.1999)(where party claiming that lawsuit should be abandoned from the estate timely objected <u>before</u> approval of the settlement).

Again, Mr. Zimmer did not object to the approval of the settlement. Despite having knowledge of the fact that the assets in question would be dedicated to the benefit of creditors and not to Mr. Zimmer, Mr. Zimmer even affirmatively consented to entry of the order when he wrote that the Court should "get it done" and the matter should be "put to bed." <u>See</u> ECF 376.

Under these circumstances, Mr. Zimmer is bound by the terms of the court approved settlement. <u>In re Gress</u>, <u>supra</u>. To hold otherwise would permit Mr. Zimmer to re-litigate matters that were or could have been litigated (i.e., whether the sum of the assets at issue should be distributed to Mr. Zimmer or to the creditors). <u>In re Teltronics</u>, 762 F.2d 185, 190 (2d Cir. 1985) (*res judicata* or collateral estoppel bars matters that were or could have been litigated). Any opposite conclusion would also permit Mr. Zimmer to have the unilateral power to "impair or destroy rights or interests established by the judgment [previously entered by the Court]", which is something that the doctrines of *res judicata* or collateral estoppel are designed to preclude. <u>Sure-Snap Corp. v. State St. Bank & Trust Co.</u>, 948 F.2d 869, 874 (2d Cir. 1991)(quoting <u>Herendeen v. Champion Int'l</u>

Corp., 525 F.2d 130, 133 (2d Cir. 1975)).

Finally, even if the entry of the settlement order somehow abrogated Mr. Zimmer's rights under Law v. Siegel, it is improper for a litigant to use a collateral proceeding (like an amended exemption) as a substitute for an appeal.  Indeed, in analogous situations involving entry of final orders, the United States Supreme Court has held that a final order cannot be collaterally attacked on the basis that the order was entered improvidently or erroneously.  See   United Student Aid Funds., Inc. v. Espinosa., 559 U.S. 260, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010)(confirmation order, while entered improvidently and contrary to the Bankruptcy Code and Rules, is binding and not subject to later collateral attack). Stated in other words, a collateral attack is not a substitute for an appeal or direct relief under Fed.R.Bankr.P. 9023 or Fed.R.Bankr.P. 9024.[1]

For these reasons, an Order shall be entered that sustains the Objections and denies the contemplated amendment to exemptions.

Dated: August 11, 2021                                    _____

                                                         The Honorable Jeffery A. Deller
                                                         United States Bankruptcy Judge


cc:  All parties in interest

---

[1] Mr. Zimmer has not contended that there is a basis to vacate the order approving settlement pursuant to Fed.R.Bankr.P. 9023 or Fed.R.Bankr.P. 9024.