**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **DAVID H. ZIMMER,** | ) | Case No. 17-20543-JAD |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | X | |
| | ) | Related to ECF No. 511 |
| **ROSEMARY C. CRAWFORD,** | ) | |
| | ) | |
| Trustee Movant, | ) | |
| | ) | |
| - v - | ) | |
| | ) | |
| **No Respondent.** | ) | |
| _____ | X | |

**MEMORANDUM OPINION**

The matter before the Court is the Chapter 7 Trustee's *Motion to Authorize Trustee to Make Interim Distribution* (the "Motion"). This Motion should be a routine exercise. However the parties, including creditors Daniel Peter Morris and Lucille Aoisa Morris (the "Morris Creditors"), choose to re-hash every grievance available regardless of whether such grievances are real or imagined.

The Court held a hearing on the Motion on August 10, 2021. The gist of the Motion is that the Chapter 7 Trustee would like to distribute funds on hand in the amount of $67,825.72. The Morris Creditors, however, contend that the actual amount the Chapter 7 Trustee should have for distribution is $69,286.10 because, according to the Morris Creditors, the Trustee's payment of $1,460.38[1] in bank

---

[1] The parties have used the figure $915.78 in their pleadings. However, an examination of the accounting reflects that the sum of bank fees is $1,460.38.

fees is "unauthorized."

The "unauthorized" bank fee objection by the Morris Creditors is overruled, in part, because Local Bankruptcy Rule 2016-2 states unequivocally:

> Rule 2016-2 BANK SERVICE FEES ON CHAPTER 7 ESTATE ACCOUNTS
>
> (a) Chapter 7 trustees are authorized to incur and pay any actual, necessary expense as contemplated by 11 U.S.C. §330, for bank fees and charges directly related to the administration of estate accounts.
>
> (b) The Court retains authority to review and approve such expenses during the administration of the case.

See LBR 2016-2.

The Morris Creditors further object to the Motion contending that taking the bank fees off of the top of the estate's recoveries is contrary to the global settlement reached between the Chapter 7 Trustee, the Morris Creditors, and the Client Protection Fund of the Bar of Maryland. In this regard, the Court agrees with the Morris Creditors.

The global settlement *sub judice* was the result of a mediation conducted by Judge Taddonio. By that settlement, the Chapter 7 Trustee, the Morris Creditors, and the Client Protection Fund of the Bar of Maryland amicably resolved their differences and memorialized the settlement in a written agreement dated February 4, 2020. That agreement was approved by the Court on March 10,

2020. See Order (A) Approving Settlement and (B) Directing Clerk to Close Adversary Proceedings, ECF 370.

The gist of the settlement is that funds being held by the Court of Common Pleas of Allegheny County and certain other parties (estimated to collectively be in the amount of $80,000) were to be turned over to the Chapter 7 Trustee. After payment of the administrative fees and reimbursement of expenses of the Chapter 7 Trustee (which she agreed to collectively cap at $14,000) and payment of any allowed priority claim of the IRS, the remaining sums held by the Chapter 7 Trustee are to be split evenly between the Morris Creditors and the Client Protection Fund of the Bar of Maryland. See Morris v. Zimmer (In re Zimmer), 623 B.R. 151, 160 (Bankr. W.D. Pa. 2021)(describing the global settlement in connection with denying the Morris Creditors' motion to dismiss bankruptcy).

Accordingly, since the bank fees are part of the administrative expenses incurred by the Trustee, it is clear that under the settlement agreement such sums are to be paid from the $14,000 of funds earmarked to be paid to the Chapter 7 Trustee. On this limited basis, the Morris Creditors' objection is sustained.

Beyond the bank fee issue, the Morris Creditors lodge a myriad of other objections to the Motion. These objections are neither clear and nor concise and are set forth in multiple documents such as the *Objection of Creditors Daniel Peter Morris and Lucile Aiosa Morris to Motion to Authorize Trustee to Make an Interim*

*Distribution at Doc 511* (see ECF 543) and *Reply of Creditors Daniel Peter Morris and Lucille Aiosa Morris to Debtor's Response at Doc 534 to Motion to Authorize Trustee to Make an Interim Distribution at Doc 511* (see ECF 544) (collectively, the "Morris Objections").

What can be inferred by the Morris Objections is that the Morris Creditors would like to undo the global settlement and undo the various orders previously entered by the Court, including the prior order of the Court denying the Morris Creditors' motion to dismiss. See In re Zimmer, supra. If this is the thrust of the Morris Objections, they are denied as being frivolous.

What is also evident by the Morris Objections is that the Morris Creditors desire to insert into every motion that is before this Court all perceived grievances that the Morris Creditors may have against the Chapter 7 Trustee. Those grievances have been referred to the Office of the United States Trustee for both investigation and report by way of an Order of this Court dated August 5, 2021. See ECF 580. The Court reserves judgment as to whether the grievances of the Morris Creditors have any merit, or whether they are lodged to inappropriately harass and disparage the Chapter 7 Trustee in contravention of Fed.R.Bankr.P. 9011 and 28 U.S.C. § 1927. Accordingly, these objections of the Morris Creditors are overruled without prejudice as to the United States Trustee's investigation and report to the Court.

The Court also recognizes that the Morris Creditors believe that there may

be certain assets that Mr. Zimmer has frittered away to the detriment of creditors. However, the Trustee previously agreed by operation of the global settlement that such assets, if they actually exist above and beyond the funds agreed to be dedicated to this bankruptcy estate by operation of the global settlement, are no longer protected by the automatic stay and that the Morris Creditors and the Client Protection Fund of the Bar of Maryland are free to pursue their state law remedies with respect to the same. See ECF 478 and Adversary17-02230-JAD at ECF 124.

Accordingly, in deciding the Motion, this Court is in no way ruling positively or negatively with respect to the *bona fides* or merits of such non-bankruptcy law remedies. Rather, the Court is merely holding that nothing in the attachments to the Motion filed by the Chapter 7 Trustee should be deemed or construed to impair any rights of action that any party in interest (including without limitation, the Morris Creditors or the Client Protection Fund of the Bar of Maryland) may have against Mr. David Zimmer, or against any third party, or against any property which can be subject to judgment enforcement by any creditors of Mr. David Zimmer under applicable law.

For some reason unknown to the Court, the Morris Creditors appear to persistently harangue the Chapter 7 Trustee about the other alleged assets or other targets for recoveries. No doubt the Morris Creditors know how to use the judicial system. After all, the Morris Creditors have filed motion after motion, and

objection after objection, in this forum.

The Court can only surmise that the Morris Creditors desire to maximize their position by avoiding the payment of their own litigation costs and instead foist them on the Chapter 7 Trustee, just like they previously desired to block this estate from distributing funds to the IRS (which is a lawful creditor of this bankruptcy estate). See Zimmer, supra.; see also Morris v. Zimmer (In re Zimmer), 623 B.R. 139 (Bankr W.D. Pa. 2020), reconsideration denied, 624 B.R. 92 (Bankr. W.D. Pa. 2021). Along these lines, this Court by way of separate Order found that the Morris Creditors willfully violated the automatic stay by unilaterally attempting to garnish assets which are property of the estate. As a result, and pursuant to 11 U.S.C. § 362(k), the Court has awarded the Chapter 7 Trustee compensatory damages in the amount of $850 from the Morris Creditors.

In sum, except for the bank fee issue, the Morris Creditors' objection to the Motion is devoid of any merit.

For the sake of completeness, the Court has also considered the limited objection of Mr. David Zimmer to the Motion. The gravamen of Mr. Zimmer's limited objection is that Mr. Zimmer now attempts to claim an exemption interest in the recoveries which the Chapter 7 Trustee desires to distribute.

By way of separate Order, however, Mr. Zimmer's effort to claim a belated exemption interest in the proceeds has been denied. That denial means that Mr. Zimmer's limited objection to the Motion is without merit and is overruled.

Accordingly, the Court shall enter an Order that provides as follows:

1. The *Motion to Authorize Trustee to Make Interim Distribution* is GRANTED insofar as the Chapter 7 Trustee is authorized to disburse the $69,286.10 in gross receipts that she has received.

2. The aforementioned gross receipts shall be disbursed as follows:

   Chapter 7 Administrative expenses:        $14,000.00*
   　　*From which the Chapter 7
   　　Trustee shall satisfy all applicable bank
   　　& technology service fees, and retain
   　　the remainder as trustee compensation
   　　and reimbursement of any future expenses
   　　of the trustee

   Department of Treasury:        $12,064.00

   The Morris Creditors:        $21,611.05**
   　　** From which the Chapter 7 Trustee shall
   　　retain and be paid $850 on account of
   　　the 11 U.S.C. § 362(k) damages award.
   　　Thus, two checks shall be drawn. $20,761.05
   　　to the Morris Creditors and $850 to the
   　　Chapter 7 Trustee

   The Client Protection Fund of
   the Bar of Maryland:        $21,611.05

   Total:        $69,286.10

SO ORDERED this 11th day of August, 2021.

_____ mas
The Honorable Jeffery A. Deller
United States Bankruptcy Judge

cc: All parties in interest