FILED
8/11/21 2:05 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | )<br>) |
| DAVID H. ZIMMER, | )  Case No. 17-20543-JAD<br>) |
| Debtor. | )  Chapter 7<br>) |
| | X  Related to ECF No. 564 |
| ROSEMARY C. CRAWFORD, | )<br>)<br>) |
| Movant, | )<br>)<br>) |
| - v - | )<br>) |
| DANIEL PETER MORRIS, and<br>LUCILLE AIOSA MORRIS, | )<br>)<br>) |
| Respondents. | )<br>X |

## MEMORANDUM OPINION

The matter having been heard before the Court on August 10, 2021 is a motion filed by the Chapter 7 Trustee captioned as: *An Emergency Motion to Compel and Rule to Show Cause and for Sanctions Against Daniel & Lucille Morris For Compliance With Bankruptcy Procedures and to Dismiss Trustee Crawford as a Defendant in Litigation in the Court of Common Pleas, Allegheny County and for Sanctions for Repeated Violation of Bankruptcy Court Procedures* (the "Sanctions Motion"). The Sanctions Motion is a core proceeding over which this Court has the requisite subject-matter jurisdiction to enter final judgment. See 28 U.S.C. §§ 157(b)(1), 157(b)(2)(A), 157(b)(2)(E), 157(b)(2)(G), 157(b)(2)(K), 157(b)(2)(O), and 1334(b).

The facts supporting the Motion are undisputed and are not complicated. Specifically, the record reflects that Daniel & Lucille Morris are husband and wife (collectively, the "Morris Creditors"), and are creditors of the bankruptcy estate.

On February 4, 2020, the Chapter 7 Trustee, the Client Protection Fund of the Bar of Maryland, and the Morris Creditors entered into a settlement, which provided for the Debtor's interest in certain decedents' estates and related assets (collectively, the "Recoveries") to be remitted to the Chapter 7 Trustee for distribution to the bankruptcy estate as follows: (a) $14,000 to the Chapter 7 Trustee on account of trustee fees and other administrative expenses of the Chapter 7 Trustee, (b) $12,064 to the Internal Revenue Service on account of its allowed claim, and (c) the remaining Recoveries shared equally between the bankruptcy estate's remaining creditors (i.e., the Morris Creditors and The Client Protection Fund for the Bar of Maryland). This settlement was ultimately approved by way of an Order of the Court dated March 10, 2020. See ECF 370.

In June of 2021, the Chapter 7 Trustee filed a motion with this Court requesting authority to make interim distribution of the Recoveries as provided for in the Court approved settlement. In the face of this request, the debtor David Zimmer, attempted to amend his bankruptcy exemptions and lay claim to some of the Recoveries. Ultimately, this Court denied Mr. Zimmer's legal gymnastics.

While Mr. Zimmer's request to amend his exemptions remained pending, the Morris Creditors unilaterally and without leave of this Court commenced and

served garnishment proceedings against the Chapter 7 Trustee in the Court of Common Pleas of Allegheny County at civil action number GD-16-6173 (the "Garnishment Action"). This action by the Morris Creditors was admittedly a unilateral action to assert a judgment lien against property of the estate in violation of 11 U.S.C. §§ 362(a) and 362(c)(1). This action by the Morris Creditors was also *ultra vires* because the Chapter 7 Trustee is protected by quasi-governmental immunity, and pursuant to the Barton Doctrine she may not be sued absent permission first being obtained from this Court. See Phoenician Mediterranean Villa, LLC v. Swope (In re J&S Properties, LLC), 545 B.R. 91 (Bankr. W.D. Pa. 2015), aff'd 554 B.R. 747 (W.D. Pa. 2016), aff'd 872 F.3d 138 (3rd Cir. 2017).

Given the above, the Chapter 7 Trustee filed the Sanctions Motion, requesting that the Garnishment Action be voided, and that the Morris Creditors be sanctioned for their willful violation of the automatic stay. See Böhm v. Howard (In re Howard), 428 B.R. 335 (Bankr. W.D. Pa. 2010)(trustee may seek damages and sanctions for violations of the stay)(citing Cuffee v. Atlantic Business and Community Development Corp. (In re Atlantic Business and Community Corp.), 901 F.2d 325 (3rd Cir. 1990).

The importance of the automatic stay in our system of bankruptcy is reflected in the provisions of Section 362(k)(1) of the Bankruptcy Code. See e.g., Wingard v. Altoona Regional Health System (In re Wingard), 382 B.R. 892, 899-

900 (Bankr. W.D. Pa. 2008) and Böhm v. Howard (In re Howard), 422 B.R. 593, 602-605 (Bankr. W.D. Pa. 2010).

Section 362(k)(1) of the Bankruptcy Code is remarkably simple, and states in pertinent part as follows:

> [A]n individual injured by any willful violation of a stay provided by this section [i.e., Section 362(a) ] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(k)(1).

In response to the Sanctions Motion, the Morris Creditors offer one primary defense to the relief requested by the Chapter 7 Trustee. That defense is that they contend that the Garnishment Action was a prophylactic measure designed to protect the Morris Creditors' interests "just in case" Mr. Zimmer's efforts to exempt a portion of the Recoveries was successful. In this regard, the Morris Creditors argue that their violation of the automatic stay was not willful.

The Court finds the Morris Creditors' argument to be untenable. With respect to the concept of "willfulness," the Third Circuit Court of Appeals has held:

> It is a willful violation of the automatic stay when a creditor violates the stay with knowledge that the bankruptcy petition has been filed. In re University Medical Center, 973 F.2d 1065, 1087–88 (3d Cir.1992). Willfulness does not require that the creditor intend to violate the automatic stay provision, rather it requires that the acts which violate the stay be intentional. Id.

In re Lansdale Family Restaurants, Inc., 977 F.2d 826, 829 (3rd Cir.1992).

*Sub judice*, there is no dispute that the Garnishment Action commenced by the Morris Creditors was purposeful. There also is no dispute that, despite the requests of the Chapter 7 Trustee, the Garnishment Action was not withdrawn or terminated by the Morris Creditors. It is further not in dispute that the Chapter 7 Trustee has had to expend time and effort in bringing this enforcement proceeding. Accordingly, the provisions of 11 U.S.C. § 362(k) have been triggered.

Given these circumstances, it is appropriate to award the Chapter 7 Trustee damages from the Morris Creditors in the amount of $850, and such sums shall be paid directly to the Chapter 7 Trustee from the Morris Creditors' distributions on account of their share of the Recoveries. For purpose of clarity, the $850 sum has been calculated based upon Ms. Crawford's hourly rate of $425 as counsel, and the Morris Creditors' acknowledgment that Ms. Crawford had to expend at least 2 hours of time in reviewing the Garnishment Action, researching and drafting the Sanctions Motion, and preparing for and attending the hearing.[1]

In addition, the Third Circuit Court of Appeals has held that any creditor action taken in violation of the automatic stay is void *ab initio*. See Maritime Electric Co. v. United Jersey Bank, 959 F.2d 1194, 1206 (3rd Cir. 1991).

---

[1] Ms. Crawford stated at the hearing that she spent at least 5 hours of time addressing the violation of the automatic stay. The Court believes that this amount of time is probably more accurate, given the Court's experience in reviewing and addressing the litigation the Morris Creditors have repeatedly filed in this Court. However, for the sake of efficiency and to avoid a trial which would further delay the administration of this bankruptcy case, the Court has accepted the Morris Creditors' admission that Ms. Crawford expended at least 2 hours of time with respect to this matter.

Accordingly, it is appropriate for the Court to enter an Order declaring the Garnishment Action void and directing that the Morris Creditors immediately discontinue the Garnishment Action against the Chapter 7 Trustee.

An Order consistent with this *Memorandum Opinion* shall be issued by the Court.

Date: August 11, 2021

_____
The Honorable Jeffery A. Deller<sup>mas</sup>
United States Bankruptcy Judge

cc: All parties in interest