**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DAVID H. ZIMMER, | ) | Case No. 17-20543-JAD |
| | ) | |
| Debtor. | ) | Chapter 7 |
| ——————————————— | X | |
| | ) | |
| DANIEL PETER MORRIS, and | ) | |
| LUCILLE AIOSA MORRIS, | ) | |
| | ) | |
| Movants, | ) | |
| | ) | |
| - v - | ) | |
| | ) | |
| ROSEMARY C. CRAWFORD, | ) | Related to ECF Nos. 611 and 618 |
| Chapter 7 Trustee, | ) | |
| | ) | |
| Respondent. | ) | |
| ——————————————— | X | |

## MEMORANDUM OPINION

The matter having been heard before the Court on September 21, 2021 is a motion filed by Daniel Peter Morris and Lucille Aiosa Morris (collectively, the "Morris Creditors"), which is captioned as a *Motion For Reconsideration Under Fed. R. Bankr. P. 8002(b) and 9023 of the Decision at Doc 592 and Order at Doc 593 on the Chapter 7 Trustee's Emergency Motion at Doc 564* (the "Motion").

Reinforcement for the Motion was subsequently filed by the Morris Creditors, and that reinforcement is captioned as a *Supplement to Doc 611 Motion For Reconsideration Under Fed. R. Bankr. P. 8002(b) and 9023 of the Decision at Doc 592 and Order at Doc 593 on the Chapter 7 Trustee's Emergency Motion at Doc 564* (the "Supplement").

00033902

For purposes of simplicity, the Court shall treat the Motion and Supplement as one motion, and shall refer to it collectively as the "Motion to Vacate." The Motion to Vacate is a core proceeding over which this Court has the requisite subject-matter jurisdiction to enter a final judgment. See 28 U.S.C. §§ 1334(b), 157(b)(2)(A), 157(b)(2)(G), and 157(b)(2)(O). For the reasons set forth herein, an Order shall be entered that denies the Motion to Vacate.

**- I -**

The 19th Century educator William Edward Hickson once wrote:

> 'Tis a lesson you should heed--
> Try again.
> If at first you don't succeed,
> Try again.
> Then your courage should appear,
> For if you will persevere,
> You will conquer, never fear,
> Try again.
> Once or twice though you should fail,
> If you would at last prevail,
> Try again.
> If we strive, 'tis no disgrace,
> Though we did not win the race--
> What should you do in that case?
> Try again.
> If you find your task is hard,
> Try again.
> Time will bring you your reward,
> Try again.
> All that other folk can do,
> Why with patience should not you?
> Only keep this rule in view,
> Try again.

The Court mentions the poem *Try Again* by William Hickson because while it might be a source of inspiration outside of a courtroom, the concept of "try

again" has its limitations at law.  By way of example, a final judgment is accorded

Full Faith and Credit and the doctrines of *res judicata* and collateral estoppel

protect a judgment's finality. See e.g.  Anaconda-Ericsson Inc. v. Hessen (In re

Teltronics Servs. Inc.), 762 F.2d 185, 190 (2d Cir. 1985); Sure-Snap Corp. v.

State St. Bank & Trust Co., 948 F.2d 869, 874 (2d Cir. 1991); and Herendeen v.

Champion Int'l Corp., 525 F.2d 130, 133 (2d Cir. 1975).

In some circumstances, the law may also impose liability upon attorneys

who "try again" excessively.  Consistent with this observation, section 1927 of title

28 authorizes sanctions against attorneys who unreasonably and/or vexatiously

multiply proceedings. See 28 U.S.C. § 1927.

The record reflects that the Morris Creditors have "tried again" many times

to assert their claims and pursue their grievances before this Court.  Some of the

grievances of the Morris Creditors had some merit.  For example, the history

reflects that the Morris Creditors were defrauded by their former lawyer (Mr. David

Zimmer), and the acts of Mr. Zimmer gave rise to non-dischargeable claims by the

Morris Creditors against Mr. Zimmer.

The record also reflects that  Mr. Zimmer unsuccessfully sought to claim an

exemption in assets that have been dedicated to the bankruptcy estate for the

benefit of all creditors.

By way of background, on February 4, 2020, the Chapter 7 Trustee, the

Client Protection Fund of the Bar of Maryland, and the Morris Creditors entered

into a settlement which provided for Mr. Zimmer's interest in certain decedents'

estates and related assets (collectively, the "Recoveries") to be remitted to the

Chapter 7 Trustee for distribution to the bankruptcy estate as follows: (a) $14,000

to the Chapter 7 Trustee on account of trustee fees and other administrative

expenses of the Chapter 7 Trustee, (b) $12,064 to the Internal Revenue Service on

account of its allowed claim, and (c) the remaining Recoveries shared equally

between the bankruptcy estate's remaining creditors (i.e., the Morris Creditors and

The Client Protection Fund of the Bar of Maryland).   This settlement was

ultimately approved by way of an Order of the Court dated March 10, 2020. See

ECF No. 370.

Notwithstanding the Court approved settlement and dedication of the

Recoveries for distribution to creditors, Mr. Zimmer belatedly attempted to usurp

the settlement by amending his exemptions so that he may be paid some of the

Recoveries.  After the  Morris Creditors and the Client Protection Fund of the Bar

of Maryland objected, Mr. Zimmer's legal gymnastics were rejected by the Court.

See Zimmer v. Crawford (In re Zimmer), 630 B.R. 11 (Bankr. W.D. Pa. 2021).

Some of the other litigation efforts of the Morris Creditors were not so

successful, despite the mounds and mounds of paper filed by them.  Indeed,

despite the small number of creditors holding claims and the limited assets of the

estate that are available for distribution, the docket in this case can be described

as one that grew exponentially since its inception.  To date, the burgeoning docket

in this case reflects that the Morris Creditors have filed 189 pleadings which total

4,327 pages and contain 8,296 paragraphs of allegations.  The Morris Creditors

have also filed 603 exhibits, consisting of another 8,817 pages of material.

Attached hereto as Appendix "A" is a summary of the pleadings and other

documents filed by the Morris Creditors in this bankruptcy case.

The avalanche of legal filings by the Morris Creditors have been the opposite

of what is expected in federal pleading.  Hardly a short and plain statement of a

case, the Morris Creditors' pleadings have been described as "dizzying."  For

example, in the course of denying another motion for reconsideration filed by the

Morris Creditors with respect to the claim of the Internal Revenue Service (the

"IRS"), the Court recently observed:

> The record reflects that the Morris Creditors are no
> strangers to this bankruptcy case, having previously
> filed a dizzying array of motions, objections, responses,
> replies, and similar papers. In fact, given the dizzying
> array of filings, . . . the litigation contained within this
> bankruptcy case is "reminiscent of the infamous case of
> Jarndycy v. Jarndyce as described in the Charles
> Dickens' novel *Bleak House*[.]" See ECF No. 452, at p.
> 16.

See Morris v. Zimmer (In re Zimmer), 624 B.R. 92, 95 (Bankr. W.D. Pa. 2021).

The Court also noted in other litigation before this Court that the Morris

Creditors engaged in a failed attempt to preclude or impede the IRS from its lawful

distribution from the Recoveries and/or attempted to improperly unwind the court

approved settlement in order for the Morris Creditors to have the benefit of all the

Recoveries to the exclusion of the bankruptcy estate. See Morris v. Zimmer (In re

Zimmer), 623 B.R. 151, 163-166  (Bankr. W.D. Pa. 2020).

In separate litigation brought before this Court, the Court observed that the

Morris Creditors had frivolously interjected grievances in a blatant effort to side-step the court approved settlement and to oppose the lawful request by the Chapter 7 Trustee to distribute the Recoveries to the IRS and the other creditors. Here, the Court held:

> Beyond the bank fee issue, the Morris Creditors lodge a myriad of other objections to the Motion [for distribution]. These objections are neither clear ... nor concise and are set forth in multiple documents such as the *Objection of Creditors Daniel Peter Morris and Lucile Aiosa Morris to Motion to Authorize Trustee to Make an Interim Distribution at Doc 511* (see ECF 543) and *Reply of Creditors Daniel Peter Morris and Lucille Aiosa Morris to Debtor's Response at Doc 534 to Motion to Authorize Trustee to Make an Interim Distribution at Doc 511* (see ECF 544) (collectively, the "Morris Objections").

> What can be inferred by the Morris Objections is that the Morris Creditors would like to undo the global settlement and undo the various orders previously entered by the Court, including the prior order of the Court denying the Morris Creditors' motion to dismiss [the bankruptcy case]. See In re Zimmer, supra. If this is the thrust of the Morris Objections, they are denied as being frivolous.

> What is also evident by the Morris Objections is that the Morris Creditors desire to insert into every motion that is before this Court all perceived grievances that the Morris Creditors may have against the Chapter 7 Trustee. Those grievances have been referred to the Office of the United States Trustee for both investigation and report by way of an Order of this Court dated August 5, 2021. See ECF 580. The Court reserves judgment as to whether the grievances of the Morris Creditors have any merit, or whether they are lodged to inappropriately harass and disparage the Chapter 7 Trustee in contravention of Fed.R.Bankr.P. 9011 and 28 U.S.C. § 1927. Accordingly, these objections of the Morris Creditors are overruled without prejudice as to

the United States Trustee's investigation and report to the Court.

The Court also recognizes that the Morris Creditors believe that there may be certain assets that Mr. Zimmer has frittered away to the detriment of creditors. However, the Trustee previously agreed by operation of the global settlement that such assets, if they actually exist above and beyond the funds agreed to be dedicated to this bankruptcy estate by operation of the global settlement, are no longer protected by the automatic stay and that the Morris Creditors and the Client Protection Fund of the Bar of Maryland are free to pursue their state law remedies with respect to the same. See ECF 478 and Adversary17-02230-JAD at ECF 124.

Accordingly, in deciding the Motion, this Court is in no way ruling positively or negatively with respect to the bona fides or merits of such non-bankruptcy law remedies. Rather, the Court is merely holding that nothing in the attachments to the Motion filed by the Chapter 7 Trustee should be deemed or construed to impair any rights of action that any party in interest (including without limitation, the Morris Creditors or the Client Protection Fund of the Bar of Maryland) may have against Mr. David Zimmer, or against any third party, or against any property which can be subject to judgment enforcement by any creditors of Mr. David Zimmer under applicable law.

For some reason unknown to the Court, the Morris Creditors appear to persistently harangue the Chapter 7 Trustee about the other alleged assets or other targets for recoveries. No doubt the Morris Creditors know how to use the judicial system. After all, the Morris Creditors have filed motion after motion, and objection after objection, in this forum.

The Court can only surmise that the Morris Creditors desire to maximize their position by avoiding the payment of their own litigation costs and instead foist them on the Chapter 7 Trustee, just like they

previously desired to block this estate from distributing funds to the IRS (which is a lawful creditor of this bankruptcy estate). See Zimmer, supra.; see also Morris v. Zimmer (In re Zimmer), 623 B.R. 139 (Bankr W.D. Pa. 2020), reconsideration denied, 624 B.R. 92 (Bankr. W.D. Pa. 2021). Along these lines, this Court by way of separate Order found that the Morris Creditors willfully violated the automatic stay by unilaterally attempting to garnish assets which are property of the estate. As a result, and pursuant to 11 U.S.C. § 362(k), the Court has awarded the Chapter 7 Trustee compensatory damages in the amount of $850 from the Morris Creditors.

   In sum, except for the bank fee issue, the Morris Creditors' objection to the Motion is devoid of any merit.

In re Zimmer, No. 17-20543-JAD, 2021 WL 3552546, at *2-3 (Bankr. W.D. Pa. Aug. 11, 2021).

## - II -

This background puts into context the current Motion to Vacate.  That is, while Mr. Zimmer's request to amend his exemptions remained pending, the Morris Creditors unilaterally and without leave of this Court commenced and served garnishment proceedings against the Chapter 7 Trustee in the Court of Common Pleas of Allegheny County at civil action number GD-16-6173 (the "Garnishment Action").

This action by the Morris Creditors was admittedly a unilateral action to assert a garnishment lien against property of the estate in violation of 11 U.S.C. §§ 362(a) and 362(c)(1).  This action by the Morris Creditors was also *ultra vires* because the Chapter 7 Trustee is protected by quasi-governmental immunity, and

pursuant to the <u>Barton</u> Doctrine she may not be sued absent permission first being obtained from this Court. <u>See</u> <u>Barton v. Barbour</u>, 104 U.S. 126, 127 (1881); <u>Phoenician Mediterranean Villa, LLC v. Swope (In re J & S Props., LLC)</u>, 545 B.R. 91 (Bankr. W.D. Pa. 2015), <u>aff'd</u> 554 B.R. 747 (W.D. Pa. 2016), <u>aff'd</u> 872 F.3d 138 (3d Cir. 2017).

In response to the Garnishment Action, the Chapter 7 Trustee demanded that the Morris Creditors withdraw the Garnishment Action and cease and desist such activity.  The Morris Creditors, through Mr. Morris who is a licensed attorney, refused.[1]

The Chapter 7 Trustee then filed an *Emergency Motion to Compel and Rule to Show Cause and for Sanctions Against Daniel & Lucille Morris For Compliance With Bankruptcy Procedures and to Dismiss Trustee Crawford as a Defendant in Litigation in the Court of Common Pleas, Allegheny County and for Sanctions for Repeated Violation of Bankruptcy Court Procedures* (the "<u>Sanctions Motion</u>"), which the Morris Creditors also opposed.

As par for the course in this bankruptcy case, the Morris Creditors not only opposed the Sanctions Motion, they lodged a counter-attack in the form of a motion that is 35 pages in length and having 469 pages of exhibits, and is captioned as the *Motion of Daniel Peter Morris and Lucille Aiosa Morris For Sanctions Pursuant to F.R.B.P. 9011, F.R.C.P. 11, and 11 U.S.C. § 105 for Breach*

---

[1]  The Morris Creditors had an affirmative duty to terminate the Garnishment Action upon the Chapter 7 Trustee's request. <u>See</u> <u>In re Timbs</u>, 178 B.R. 989, 996 (Bankr. E.D. Tenn. 1994).

*of Fiduciary Duty Pursuant to 11 U.S.C. § 704, 28 U.S.C. § 1927 and the Common Law Against the Chapter 7 Trustee[]* (the "<u>Counter Sanction Request</u>"). <u>See</u> ECF No. 576.

The Court held a hearing on the Sanctions Motion on August 10, 2021, and found in favor of the Chapter 7 Trustee.  At the hearing, the Morris Creditors also advised the Court of their desire to withdraw their Counter Sanction Request.  In the days that followed, the Morris Creditors evidenced their "never mind" position with respect to the Counter Sanction Request and filed a document captioned as a *Withdrawal of Doc 576 Motion of Daniel Peter Morris and Lucille Aiosa Morris For Sanctions Pursuant to F.R.B.P. 9011, F.R.C.P. 11, and 11 U.S.C. § 105 for Breach of Fiduciary Duty Pursuant to 11 U.S.C. § 704, 28 U.S.C. § 1927 and the Common Law Against the Chapter 7 Trustee.* <u>See</u> ECF No. 600.

To reflect the Court's bench ruling on the Chapter 7 Trustee's Sanctions Motion, the Court issued a *Memorandum Opinion* dated August 11, 2021.  The Court's *Memorandum Opinion* states, in pertinent part, as follows:

> The importance of the automatic stay in our system of bankruptcy is reflected  in the provisions of Section 362(k)(1) of the Bankruptcy Code. <u>See</u> <u>e.g.</u>, <u>Wingard v. Altoona Regional Health Systems (In re Wingard)</u>, 382 B.R. 892, 899-900 (Bankr. W.D. Pa. 2008) and <u>Böhm v. Howard (In re Howard)</u>, 422 B.R. 593, 602-605 (Bankr. W.D. Pa. 2010).
>
> Section 362(k)(1) of the Bankruptcy Code is remarkably simple, and states in pertinent part as follows:
>
>> [A]n individual injured by any willful violation of a stay provided by this section

> [i.e., Section 362(a)] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(k)(1).

In response to the Sanctions Motion, the Morris Creditors offer one primary defense to the relief requested by the Chapter 7 Trustee. That defense is that they contend that the Garnishment Action was a prophylactic measure designed to protect the Morris Creditors' interests "just in case" Mr. Zimmer's efforts to exempt a portion of the Recoveries was successful. In this regard, the Morris Creditors argue that their violation of the automatic stay was not willful.

The Court finds the Morris Creditors' argument to be untenable. With respect to the concept of "willfulness," the Third Circuit Court of Appeals has held:

> It is a willful violation of the automatic stay when a creditor violates the stay with knowledge that the bankruptcy petition has been filed. In re University Medical Center, 973 F.2d 1065, 1087–88 (3d Cir.1992). Willfulness does not require that the creditor intend to violate the automatic stay provision, rather it requires that the acts which violate the stay be intentional. Id.

In re Lansdale Family Restaurants, Inc., 977 F.2d 826, 829 (3d Cir.1992).

*Sub judice*, there is no dispute that the Garnishment Action commenced by the Morris Creditors was purposeful. There also is no dispute that, despite the requests of the Chapter 7 Trustee, the Garnishment Action was not withdrawn or terminated by the Morris Creditors. It is further not in dispute that the Chapter 7 Trustee has had to expend time and effort in bringing this enforcement proceeding. Accordingly, the provisions of 11 U.S.C. § 362(k) have been triggered.

00033902                                    -11-

Given these circumstances, it is appropriate to award the Chapter 7 Trustee damages from the Morris Creditors in the amount of $850, and such sums shall be paid directly to the Chapter 7 Trustee from the Morris Creditors' distributions on account of their share of the Recoveries.  For purpose of clarity, the $850 sum has been calculated based upon Ms. Crawford's hourly rate of $425 as counsel, and the Morris Creditors' acknowledgment that Ms. Crawford had to expend at least 2 hours of time in reviewing the Garnishment Action, researching and drafting the Sanctions Motion, and preparing for and attending the hearing.

In addition, the Third Circuit Court of Appeals has held that any creditor action taken in violation of the automatic stay is void *ab initio*. See Maritime Electric Co. v. United Jersey Bank, 959 F.2d 1194, 1206 (3d Cir. 1991).  Accordingly, it is appropriate for the Court to enter an Order declaring the Garnishment Action void and directing that the Morris Creditors immediately discontinue the Garnishment Action against the Chapter 7 Trustee.

See Crawford v. Morris (In re Zimmer), No. 17-20543-JAD, 2021 WL 3552534, at

*2-3 (Bankr. W.D. Pa. Aug. 11, 2021)(footnote omitted).

## - III -

Unsatisfied with this result, and even though the Court could have

sanctioned the Morris Creditors more than $850 as a result of their willful

violation of the automatic stay,[2] the Morris Creditors elected to further expand the

---

[2]  Given the Morris Creditors refusal to voluntarily withdraw the Garnishment Action absent judicial intervention, the sanctions imposed were warranted.  Attorneys' fees incurred by the debtor or trustee may "qualify as actual damages under § 362(k) when they are necessary to stop an ongoing stay violation, undo the effects of a stay violation, or recover pre-litigation actual damages." Vaughn v. Cent. Miss. Credit Corp. (In re Vaughn), No. 10-81836-WRS, 2016 Bankr. LEXIS 661, at *9 (Bankr. M.D. Ala. Mar. 3, 2016). However, " '[attorneys'] fees and costs must be reasonable and necessary,' so as to avoid 'foster[ing] a cottage industry built around satellite fee litigation.' " In re Sturman, No. 10 Civ. 6725

continue...

docket in this case and filed the instant Motion to Vacate.

Pursuant to the Motion to Vacate, the Morris Creditors seek "reconsideration" and ask that this Court "withdraw" of the Order imposing sanctions against them.

Characteristically, the Motion to Reconsider is disorganized and does not present a unified argument. Nonetheless, the Court copiously examined the Motion to Vacate and the following appears to be the three primary grounds upon which the Motion to Vacate is based: (1) the Morris Creditors contend that they were deprived of due process because the Chapter 7 Trustee's Motion allegedly did not identify specific positive authority upon which she was seeking sanctions; (2) the Morris Creditors contend that the automatic stay had previously been lifted, and therefore the Morris Creditors' service of a Writ of Execution upon the Chapter 7 Trustee could not constitute a violation of the automatic stay; and, (3) alternatively, the Morris Creditors contend that service of the Writ of Execution did not violate the automatic stay because it was directed only toward future personal assets of Mr. Zimmer insofar as the Morris Creditors speculated that the Recoveries in the Trustee's possession may in the future be transformed into debtor assets if this Court permitted  Mr. Zimmer to amend his exemptions.

Upon due consideration of the Motion to Vacate and the record made in this

---

[2]...continue
(RJS), 2011 U.S. Dist. LEXIS 109599, at *12 (S.D.N.Y. Sept. 26, 2011) (quoting In re Prusan, No. 09-49719 (CEC), 2010 Bankr. LEXIS 699, at *3 (Bankr. E.D.N.Y. Mar. 2, 2010)); see also  In re Silk, 549 B.R. 297, 302-303 (Bankr. D. Mass. 2016).

bankruptcy case, the Court finds that none of the contentions raised by the Morris Creditors are persuasive to warrant *vacatur* of this Court's prior order granting the Sanctions Motion.

### - IV -

As set forth above, the concept of "try again" has limitations at law. One such limitation can be found in the contours of Federal Rule of Civil Procedure 59(e).

Federal Rule of Civil Procedure 59(e), which is incorporated into this bankruptcy case by operation of Federal Rule of Bankruptcy Procedure 9023, affords bankruptcy courts with the power to alter or amend judgments only under extraordinary circumstances. Ellenberg v. Bd. of Regents of Univ. Sys. of Ga. (In re Midland Mechanical Contractors, Inc.), 200 B.R. 453, 456 (Bankr. N.D. Ga. 1996).

Under applicable law, the standard for relief is high. In re Secivanovic, Civ. No. 06-3098 (GEB), 2006 WL 3109007, at *3 (D.N.J. Oct. 31, 2006). When asking for Rule 59(e) relief, the movant has the burden of demonstrating either: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

As one court aptly summarized this standard, "[t]he Court will grant a

motion for reconsideration only when its prior decision has overlooked a factual

or legal issue that may alter the disposition of the matter." In re Secivanovic, at

*3 (citing United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J.

1999)).  The word "overlooked" is an operative term. Id. (citing Bowers v. Nat'l

Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)).  In this regard,

> [Rule 59(e) is] not designed to furnish a vehicle by which
> a disappointed party may reargue matters already
> argued and disposed of, nor [is it] aimed at providing a
> mechanism by which new arguments or legal theories,
> which could and should have been raised prior to the
> issuance of judgment, can be later advanced.

In re Midland Mechanical Contractors, Inc., 200 B.R. at 456 (quoting In re DEF

Inv., Inc., 186 B.R. 671, 680-81 (Bankr. D. Minn. 1995)(citing Bannister v.

Armontrout, 4 F.3d 1434, 1440 (8th Cir. 1993)).

Nor is it proper to utilize Rule 59(e) to pad the record for appeal, as

introducing new legal theories or padding the record on appeal constitutes "an

abuse of the Rule 59(e) motion which the Court normally will not condone." Id.

## - V -

With the preceding standards in mind, the Court finds the Morris Creditors'

Motion to Vacate to be without merit because the Morris Creditors largely re-hash

arguments that they previously asserted in response to the Sanctions Motion.

Specifically, the Morris Creditors previously attempted to skirt around the

Chapter 7 Trustee's Sanctions Motion by contending that the stay was lifted with

respect to the Recoveries when Mr. Zimmer's discharge was denied, or

alternatively by contending that the Garnishment Action was not an effort of the Morris Creditors in the first instance to tie-up the Recoveries with a garnishment lien.  Each of these items was rejected by the Court.

As to the former argument, because the Recoveries are in-fact property of the estate, the Court concluded the obvious– which is the automatic stay remained in place with respect to the Recoveries despite the denial of Mr. Zimmer's discharge. See 11 U.S.C. § 362(a)(setting forth the types of actions which are stayed) and 11 U.S.C. § 362(c)(1)(providing that the automatic stay remains in place as to property of the estate until such time the property is no longer property of the estate).[3]

As to the latter, the Court unequivocally rejected the Morris Creditors' contention and held that a prophylactic garnishment is violative of the stay despite a pending effort by the debtor to exempt his alleged assets.  The  Court's conclusion is consistent with not only the text of the automatic stay, but also its purpose.  As the United States Supreme Court recently held, "The  automatic stay serves the debtor's interests by protecting the estate from dismemberment, and it also benefits creditors as a group by preventing individual creditors from pursuing their own interests to the detriment of the others." City of Chicago v.

---

[3]  Section 362(c)(1) governs when the automatic stay expires as a matter of law with respect to property of the estate, and states: "the stay of an act against property of the estate . . . continues until such property is no longer property of the estate [.]" See 11 U.S.C. § 362(c)(1).  Section 362(c)(2) governs when the automatic stay expires as to "any other act" under section 362(a), i.e., acts against the debtor or property that is not property of the estate. See 11 U.S.C. § 362(c)(2).  Section 362(c)(2) provides that as to "any other act," the stay expires at the earliest of when the case is closed, the case is dismissed, or the time a discharge is granted or denied. Id.

Fulton, 141 S.Ct. 585, 589 (2021); see also Brown v. Chesnut (In re Chesnut), 422
F.3d 298, 301 (5th Cir. 2005)("The automatic stay is designed to protect creditors
as well as debtors. Without the stay, creditors might scramble to obtain as much
property of the debtor's limited estate as possible.");[4] and Stoker v. Aurora Loan
Servs. Inc. (In re Stoker), Adv. No. 09-3349, 2010 WL 958030 (Bankr. S.D. Tex.
Mar. 10, 2010).

Consistent with this precept, where a bankruptcy trustee claims an interest
in property, a creditor (such as the Morris Creditors) may not make its own
unilateral determination of property rights after the property is subject to
bankruptcy court jurisdiction. See Böhm v. Howard (In re Howard), 422 B.R. 593,
606-07 (Bankr. W.D. Pa. 2010)(citing In re Levenstein, 371 B.R. 45, 47-48 (Bankr.
S.D.N.Y. 2007).    Rather, it is for the bankruptcy court to make such
determinations, and creditors desiring relief should seek appropriate relief before
the bankruptcy court prior to taking any action. Id.

In rendering this decision today, the Court also recognizes that the Morris
Creditors have acknowledged that the Garnishment Action tied up the Chapter 7
Trustee's interest in the Recoveries.   For example, in paragraph 4(a) of their
objection to the Sanctions Motion, the Morris Creditors acknowledged that "[a]fter
service of the Writ of Execution on her, she [i.e., the Chapter 7 Trustee] cannot do

---

[4] Chesnut, supra. was a case that addressed the issue of whether property that is "arguably"
property of the estate is protected by the automatic stay.  The Recoveries in the instant case involving the
Morris Creditors are more than "arguably" property of the estate.  Rather, they are unequivocally property
of the estate.

that [i.e., disburse funds] without the Court of Common Pleas approval." See ECF No. 575.   The Morris Creditors even took their position a step further by frivolously contending in paragraph 5(b) of their objection that this Court lacked jurisdiction over these matters, and that the Chapter 7 Trustee's only recourse was to seek relief from the state court! See id.

Obviously the actions of the Morris Creditors were a willful violation of the automatic stay.   Because the Motion to Vacate merely raises disagreement with the Court's decisions, the motion is nothing but another attempt to obtain the proverbial "second bite of the apple," which the Court will not permit. See Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995)(motions for reconsideration do not provide litigants with an opportunity for a "second bite at the apple").

### - VI -

For purposes of completeness, the Court also denies the Motion to Vacate because it asserts an argument that the Morris Creditors had ample opportunity to assert at the hearing on the Sanctions Motion.  In this regard, the Motion to Vacate is an impermissible effort to pad the record on appeal.

The record reflects that the Morris Creditors now claim that they were deprived due process because they did not understand the nature of relief sought by the Chapter 7 Trustee (i.e., that she was seeking sanctions on account of the Morris Creditors' willful violation of the stay).  In support of this argument, the Morris Creditors feign ignorance of bankruptcy law and suggest that they were

somehow bamboozled by the proceedings.  The Court does not find this argument persuasive for several reasons.

First, the Morris Creditors are sophisticated and experienced litigants.  It is undisputed that Mr. Morris is a licensed attorney who for many years has engaged in active litigation on behalf of himself and his spouse before this Court (as well as before the United States Bankruptcy Court for the Southern District of Florida, the United States District Court for the Southern District of New York, the United States Court of Appeals for the Second Circuit, and the trial and appellate courts of New York).  As such, any solicitude afforded to *pro se* litigants does not apply to the Morris Creditors.  See e.g., Tracy v. Freshwater, 623 F.3d 90, 102-03 (2d Cir. 2010).

Second, the Morris Creditors ignore the fact that a violation of the automatic stay is willful if the action is done deliberately and with knowledge of the bankruptcy case filing.  See Lansdale Family Rests., Inc. v. Weis Food Serv. (In re Lansdale Family Rests., Inc.), 977 F.2d 826, 829 (3d Cir.1992) ).  Ignorance of the law in these circumstances is no excuse.[5]  See, e.g., In re Bragg, 56 B.R. 46, 49 (Bankr. M.D. Ala.1985); In re Halas, 249 B.R. 182, 191 (Bankr. N.D.Ill. 2000).

Third, even if the Motion to Vacate is not construed as an impermissible second bite of the apple or an impermissible attempt to pad the record on appeal,

---

[5]  "Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was 'willful' or whether compensation must be awarded." In re Chesnut, 422 F.3d 298, 302 (5th Cir. 2005) (quoting In re Taylor, 884 F.2d 478, 482 (9th Cir.1989)).

the Court finds that the due process issue asserted by the Morris Creditors is substantively without merit.

To determine whether the Morris Creditors received the process that is due, the appropriate inquiry in this case is whether the Morris Creditors received notice reasonably calculated to apprise themselves of the pendency of the action and whether they were afforded an opportunity to object. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 272 (2010) (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) and Jones v. Flowers, 547 U.S. 220, 225 (2006)).

In the sanctioning context of Bankruptcy Rule 9011, 11 U.S.C. § 105(a) and 28 U.S.C. § 1927, courts within the Third Circuit have held that due process is satisfied when the respondent is provided "particularized notice of exactly what conduct is alleged to be sanctionable and some opportunity to respond to the charges. . . . Particularized notice requires that a party is on notice as to the particular factors that [the party] must address if [the party] is to avoid sanctions." NNN 400 Capital Center, LLC v. Wells Fargo Bank, N.A. (In re NNN 400 Capital Center 16, LLC), Adv. No. 18-50384 (JTD), 2019 WL 5073844, at *3 (Bankr. D. Del. Oct. 9, 2019)(quotations omitted)(citing Fellheimer, Eichen & Braverman, P.C. v. Charter Technologies, Inc., 57 F.3d 1215, 1225 (3d Cir. 1995) and Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1357 (3d Cir. 1990).[6]

---

[6] The Court has not located any case which has adopted the "particularized notice" language

continue...

With these standards in mind, the record reflects that the Morris Creditors were under particularized notice from the Chapter 7 Trustee that the Morris Creditors were being charged with a willful violation of the automatic stay. The Morris Creditors' objection to the Sanctions Motion acknowledges as much.

The starting point of the Court's review of the record begins with the Chapter 7 Trustee's Sanctions Motion. This document is a relatively short and uncomplicated pleading. It alleges that the Morris Creditors "repeatedly and consistently violated Bankruptcy Court procedures," that the Chapter 7 Trustee felt "threatened and harassed" by service of the Garnishment Action at her personal residence, and that the Chapter 7 Trustee was requesting that the Court "impose sanctions." See ECF No. 564. The document also references and has attached to it a document labeled in the Sanctions Motion as a "Notice of Sanction Correspondence." That correspondence, dated July 28, 2021, clearly states:

> You have violated the automatic stay in the above case.
> I was served today in case no. GD 16-6173. I am filing
> a motion for sanctions and for violation of the automatic
> stay today.
>
> This is your notice.

See Notice of Sanction Correspondence attached as Exhibit "B" to ECF No. 564.

---

[6]...continue

utilized in Fellheimer and Jones in cases where damages were sought pursuant to 11 U.S.C. § 362(k). See e.g. Fortune & Faal v. Zumbrun (In re Zambrun), 88 B.R. 250, 252-53 (B.A.P. 9th Cir. 1988)(holding that due process is met when respondent is a party specifically named in the motion for sanctions for violation of the automatic stay, the motion specifically seeks sanctions against the responding party, and reasonable notice of the same is provided). For purposes of this *Memorandum Opinion*, the Court has assumed that the "particularized notice" standard applies.

Any doubt as to whether the Morris Creditors read the "Notice of Sanction Correspondence" is laid to rest by the admissions of the Morris Creditors in their own response to the Chapter 7 Trustee's Sanctions Motion.  In this document, at paragraph 6(c), the Morris Creditors quote the "Notice of Sanction Correspondence" verbatim!  See ECF No. 575.

Furthermore, in the "Conclusion" section of the Morris Creditors' document, the Morris Creditors readily admit that the Chapter 7 Trustee's Sanctions Motion "is premised and based on the Writ of Execution served on the Chapter 7 Trustee being precluded by the automatic stay of 11 U.S.C. § 362(a)." Id.

These admissions demonstrate that the due process complaint by the Morris Creditors is devoid of any merit.  These admissions also demonstrate that the Motion to Vacate is frivolous.

**- VII -**

For the reasons set forth above, an Order shall be entered that denies the Motion to Vacate with prejudice.

Dated: October 18, 2021          _____

The Honorable Jeffery A. Deller
United States Bankruptcy Judge

cc:    Mr. Daniel Peter Morris & Mrs. Lucille Aoisa Morris          FILED
       Rosemary Crawford, Esq., Chapter 7 Trustee                   10/18/21 2:55 pm
       Lawrence Walquist, Esq., Office of the U.S. Trustee          CLERK
       Donald Calaiaro, Esq., counsel to Mr. David Zimmer           U.S. BANKRUPTCY
       Thomas Reilly, Esq., counsel to the Client Protection Fund   COURT - WDPA
              of the Bar of Maryland

00033902                              -22-

**APPENDIX "A"**
**Summary of Filings by**
**the Morris Creditors**

## MOTIONS FILED BY DANIEL P. MORRIS AND LUCILLE A. MORRIS

### In re: David H. Zimmer

### 17-20543-JAD – Main Bankruptcy Case

- ECF No. 25: *Motion Under FRBP 5005 and Local Rule 5005-2(a) of Pro Se Creditors Daniel P. Morris and Lucille Aiosa Morris to be Granted Permission to Apply For Registration as a Filing User*

- ECF No. 55: *Motion to Dismiss Case for Abuse*

- ECF No. 170: *Motion of Creditors & Adversary Defendants Daniel Peter Morris & Lucille Aiosa Morris (Morrises) That Morrises NYS Judgment of Proof of Claim 11-1 Is A Restitution Order of a Criminal Court And That the Automatic Stay of 11 U.S.C. § 362(a) Does Not Apply Under 1 U.S.C. § 362(a)(1) To Morrises Enforcement Action of GD-16-6179 In the Court of Common Please Allegheny County Pennsylvania Enforcing Morrises NYS Judgment And Other Miscellaneous Relief*

- ECF No. 186: *Motion for an Extension of Time of Creditors Daniel Peter Morris and Lucille Aiosa Morris (Morrises) That Morrises Be Granted an Extension of Time To File An Appropriate Paper Within Thirty Days of A Determination in Adversary Case 17-02330JAD Granting the Avoidance of Morrises Pennsylvania Enforcement Actions Identified at Proof of Claim12-1 of the Judgments of Their Proofs of Claims 10-1 and 11-1 For Morrises To Request Their Costs and Attorneys Fees Identified At Proof of Claim 12-1 Be Deducted Therefrom And Paid To Morrises Under Common Fund Doctrine, Attorneys Charging Lien or Other Applicable Equitable or Common Law Remedy Before Any Distribution To Creditors*

- ECF No. 189: *Motion of Creditors Daniel Peter Morris & Lucille Aiosa Morris For Relief From Stay Under 11 U.S.C. § 362(d) of The Continuing Proceeding Under Morrises NYS Judgment of Proof of Claim 11-1 In NYS Supreme Court Westchester County Index No: 5649014*

- ECF No. 210: *Motion of Creditors Daniel Peter Morris and Lucille Aiosa Morris Objecting Under 11 U.S.C. § 502 To Claim 5 Of Portfolio Recovery Associates, LLC And To Disallow And Expunge Claim 5 From The Claims Registry Of Case No. 17-20543 JAD*

- <u>ECF No. 211</u>: *Motion of Creditors Daniel Peter Morris and Lucille Aiosa Morris Objecting Under 11 U.S.C. § 502 To Claim 6 of Portfolio Recovery Associates, LLC And To Disallow And Expunge Claim 6 From The Claims Registry Of Case No. 17-20543 JAD*

- <u>ECF No. 212</u>: *Motion Of Creditors Daniel Peter Morris And Lucille Aiosa Morris Objecting Under 11 U.S.C. § 502 To Claim 7 Of Portfolio Recovery Associates, LLC And To Disallow And Expunge Claim 7 From The Claims Registry Of Case 17-20543 JAD*

- <u>ECF No. 218</u>: *Motion Of Creditors Daniel Peter Morris And Lucille Aiosa Morris Objecting Under 11 U.S.C. § 502 To Claim 3 Of Verizon By American Infosource LP As Agent And To Disallow And Expunge Claim 3 From The Claims Registry Of Case No. 17-20543 JAD*

- <u>ECF No. 220</u>: *Motion Of Creditors Daniel Peter Morris And Lucille Aiosa Morris  Objecting Under 11 U.S.C. § 503 To Claim 8 Of Adrian Faustino And To Disallow And Expunge Claim 8 From The Claims Registry Of Case No. 17-20543 JAD*

- <u>ECF No. 221</u>: *Motion of Creditors Daniel Peter Morris And Lucile Aiosa Morris Objecting Under 11 U.S.C. § 502 To Claim 9 Of AT&T Mobility II LLC And To Disallow And Expunge Claim 9 From The Claims Registry Of Case No. 17-20543 JAD*

- <u>ECF No. 237</u>: *Amended Motion Amending Doc 221 Motion Of Creditors Daniel Peter Morris And Lucille Aiosa Morris Objecting Under 11 U.S.C. § 502 To Claim 9 Of AT&T Mobility II LLC And To Disallow And Expunge Claim 9 From The Claims Registry Of Case No. 17-20543 JAD* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 239</u>: *Motion Of Creditors Daniel Peter Morris And Lucille Aiosa Morris Objecting Under 11 U.S.C. § 502 To Claim 2 Of John Todd And To Disallow And Expunge Claim 2 From The Claims Registry Of Case No. 17-20543 JAD*

- <u>ECF No. 241</u>: *Motion of Creditors Daniel Peter Morris And Lucille Aiosa Morris Objecting Under 11 U.S.C. § 502 To Claim 13 Of Department Of Treasury Internal Revenue Service And To Disallow And Expunge Claim 13 From The Claims Registry Of Case No. 20543 JAD*

- *ECF No. 243*: *Motion Of Creditors Danial Peter Morris And Lucille Aiosa Morris Objecting Under 11 U.S.C. § 502 To Claim 14 Of Matthew Aaron Zimmer And To Disallow And Expunge Claim 14 From The Claims Registry Of Case No. 17-20543 JAD*

- *ECF No. 251*: *Motion Of Creditors Daniel Peter Morris And Lucile Aiosa Objecting To Claim 1 Of Pennsylvania Department Of Revenue And To Disallow And Expunge Claim 1 From The Claims Registry Of Case No. 20543 JAD*

- *ECF No. 279*: *Reply Of Daniel Peter Morris and Lucile Aiosa In Support Of Doc 241 Motion Of Creditors Daniel Peter Morris And Lucille Aiosa Morris Objecting Under 11 U.S.C. § 502 To Claim 13 Of Department Of Treasury Internal Revenue Service And To Disallow And Expunge Claim 13 From The Claims Registry Of Case No. 17-20543 JAD And In Reply To Response Of Department Of Treasury Internal Revenue Service At Doc 268*

- *ECF No. 296*: *Motion Of Creditors Daniel Peter Morris And Lucille Aiosa Morris To Compel Debtor: (1) To Disclose To Morrises Information Provided To The United States Trustee; and (2) To Respond Morrises Discovery Requests And If The Debtor Does Not Comply To Disallow The Presumption Of Insolvency Under 11 U.S.C. § 547(f)*

- *ECF No. 318*: *Motion Of Creditors Daniel Peter Morris And Lucile Aiosa Morris To Compel The Debtor To Produce His Canadian Tax Returns For Tax Year 2016Or A Declaration Stating He resided In 2016 In Canada And Did Not File A Tax Return And If Debtor Does Not Comply To Dismiss This Bankruptcy Case For The Debtors Lack Of Good Faith In Not Cooperating As He Is Required To Do Under Title 11 Of The United States Code*

- *ECF No. 322*: *Motion Of Creditors Daniel Peter Morris And Lucille Aiosa Morris To Disallow The 11 U.S.C. § 547(f) Presumption Of Insolvency Based On The Allegations Of The Adversary Complaint Of The United States Trustee At Adversary Proceeding 19-02210 JAD And Prior Submissions Of Movants, Alternatively, To Dismiss This Bankruptcy Case For The Debtors Lack Of Good Faith In Not Cooperating As He Is Required To Do Under Title 11 Of The United States Code*

- *ECF No. 361*: *Motion Of Creditors Daniel Peter Morris And Lucile Aiosa Morris To Stay The Evidentiary Hearing Ordered At Doc 301 On Morrises Motion At Doc 241 Objecting Under 11 U.S.C. § 502 To Claim 13 Of Department Of Treasury Internal Revenue Service And To Disallow And Expunge Claim 13 From The Claims Registry Of Case No. 17-20543 JAD*

3

- <u>ECF No. 365</u>: *Motion Of Creditors Daniel Peter Morris And Lucille Aiosa Morris In View Of The Coronavirus Outbreak To Not Be Required To Attend In Person Any Evidentiary Hearing On 03/11/2020 Ordered At Doc 301 On Morrises Motion At Doc 241 Objecting Under 11 U.S.C. § 502 To Claim 13 Of The Department Of Treasury Internal Revenue Service And To Disallow And Expunge Claim 13 From The Claims Registry Of Case No. 17-20543*

- <u>ECF No. 387</u>: *Creditors Daniel Peter Morris And Lucille Aiosa Morris Motion For An Expedited Hearing On The Motion Of United States Of Americas Motion To Quash Morrises Subpoena Of IRS Commissioner Charles Rettig At Doc 383*

- <u>ECF No. 428</u>: *Creditors Daniel Peter Morris And Lucille Aiosa Morris Motion To <u>ECF</u> 525Subject To The Agreement At AP-17-02230-JAD Doc 124-2 Approved At AP-17-02230-JAD*

- <u>ECF No. 456</u>: *Motion For Reargument Under Fed. R. Bankr. P. 8002(b) And For Reconsideration Under Fed. R. Bankr. P. 9023 Of The Decision At Doc 440 And Order At Doc 441 On Morrises Motion At Case No.17-20543- JAD Doc 241 To Expunge And Disallow Claim 13 Of Department Of Treasury Internal Revenue Service Under 11 U.S.C. § 502*

- <u>ECF No. 471</u>: *Motion Of Daniel Peter Morris And Lucille Aiosa Morris To Abandon Property Of The Debtor Under 11 U.S.C. § 554 And FRBR 6007*

- <u>ECF No. 502</u>: *Motion For An Order Of Contempt Against The Debtor For Debtors Response At Doc 328 To Morrises Discovery Demands At Docs 314, 315, 321, & 325 Being In Direct Violation Of The Courts Order At The Hearing on 11/12/2019 Noted At Doc 311 And The Transcript Thereof At Doc 498 Alternatively Order The Debtor To Comply With Such Courts Orders*

- <u>ECF No. 516</u>: *Motion To Amend Their Claims 10 And 11, To Find No Overlap Between Claims 10 And 11 And To Find No Offset To Claims 10 And 11 By The Payment Of The Client Protection Fund Of The Bar Of Maryland*

- <u>ECF No. 525</u>: *Motion To Reset The Date Of Notice Of Hearing At Doc 512 On The Motion At Doc 511 And The Date Of The Hearing t Doc 517 On The Motion At Doc 516*

- <u>ECF No. 548</u>: *Motion Of Daniel Peter Morris And Lucille Aiosa Morris To Amend The Chapter 7 Trustees Proposed Property Record And Report At Exhibit A At Doc 511-2, Claims Register at Appendix C At Doc 511-4 And Proposed Order Of Interim Distribution At Appendix D At Doc 511-5 And To*

4

*Amend The Debtors Mandated 11 U.S.C. 521 Schedules To Include Undisclosed Assets*

- <u>ECF No. 554</u>: *Contingent Motion Of Daniel Peter Morris And Lucille Aiosa Morris If The Court Grants The Chapter 7 Trustees Request For $915.78 For Disbursements At Doc 511 To Vacate The Orders At Doc 370, Doc 524 And AP-17-02230-JAD Doc 124, the Mediation Agreement At AP-17-02230-JAD Doc 117-2 And To Reverse The Terminations Of AP-17-22300, AP-18-2094 And AP-18-2109*

- <u>ECF No. 560</u>: *Contingent Motion Of Daniel Peter Morris And Lucille Aiosa Morris If The Court Approves The Debtors Amendment To Form C At Doc 531 And Request At Doc 523 2-4, To Vacate The Decisions And Orders At Doc 370, Doc 524, Doc 452, Doc 453, And AP-17—02230-Jad Doc 124, The Mediation Agreement At AP-02230-JAD Doc 117-2 And To Reverse The Terminations of AP-17-02330 And AP-18-02109*

- <u>ECF No. 573</u>: *Motion Of Daniel Peter Morris And Lucille Aiosa Morris To Extend The Time To File A Response To The Motion Of CPF At Doc 545 Amended Motion Of The Client Protection Fund Of The Bar Of Maryland For Sanctions Including Imposition Of Attorneys Fees Against Daniel Peter Morris & Lucille Aiosa Morris*

- <u>ECF No. 576</u>: *Motion For Sanctions Pursuant To F.R.B.P. 9011, And 11 U.S.C. § 105 And For Breach Of Fiduciary Duty Pursuant To 11 U.S.C. § 704 And The Common Law Against The Chapter 7 Trustee, Rosemary C. Crawford*

- <u>ECF No. 611</u>: *Creditors Daniel Peter Morris And Lucille Aiosa Morris Motion For Reconsideration Under Fed. R. Bankr. P. 8002(b) and 9023 Of The Decision At Doc 592 And Order At Doc 593 On The Chapter 7 Trustees Emergency Motion At Doc 564*

- <u>ECF No. 618</u>: Supplemental Motion For Reconsideration *Creditors Daniel Peter Morris And Lucille Aiosa Morris Supplement To o Doc 611Motion For Reconsideration Under Fed. R. Bankr. P. 8002(b) and 9023 Of The Decision At Doc 592 And Order At Doc 593 On The Chapter 7 Trustees Emergency Motion At Doc 564*

### Daniel Peter Morris and Lucille Aiosa Morris v. David H. Zimmer

### ADV 17-02195-JAD

- <u>ECF No. 6</u>: *Motion To Dismiss Case For Abuse Filed by Plaintiffs Daniel Peter Morris And Lucille Aiosa Morris*

- <u>ECF No. 12</u>: *Motion To Strike Affirmative Defense And Portions Of The Answer Of Defendant/Debtor David H. Zimmer Of Adversary No.: 17-02195-JAD Doc #8 To Movant's Complaint Of Adversary No.: 17-02195-JAD Doc. #1 & Bankruptcy No. 17-20543-JAD #54*

- <u>ECF No. 20</u>: *Motion Of Creditors & Adversary Plaintiffs Daniel Peter Morris And Lucille Aiosa Morris To Find Movants Proofs Of Claim 10-1, 11-1 And 12-1 Nondischargeable Under Judicial Estoppel In View Of The Motion Of Adversary Case 17-02157 Doc #9 Of Debtor And Creditor Client Protection Fund Of The Bar Of Maryland & Other Miscellaneous Relief*

- <u>ECF No. 53</u>: *Motion Of Creditors & Adversary Plaintiffs (Movants) Daniel Peter Morris And Lucille Aiosa Morris To Withdraw Authorization Of The Order Of Case 17-02195-JAD Doc 42 Permitting Defendant To Seek Discovery Of Plaintiffs Pacer Activity And To Strike 1st Affirmative Defense Of The Answer Of Defendant/Debtor David H. Zimmer Of Adversary No.: 17-02195-JAD Doc. #8 To Movants' Complaint Of Adversary No.: 17-02195-JAD Doc. #1 & Bankruptcy N0. 17-20543-JAD Doc. #54*

- <u>ECF No. 80</u>: *Plaintiffs Daniel Peter Morris And Lucille Aiosa Morris Motion To Strike Debtors Offer Of Partial Judgment Pursuant To Rule 68 Of The Federal Rules Of Civil Procedure At Doc 75*

- <u>ECF No. 93</u>: *Motion Of Plaintiffs Daniel Peter Morris & Lucille Aiosa Morris To Quash Subpoena On Pacer Referred To In Defendants Status Report At Case 17-02195-JAD Doc 89 And Motion To Extend Time To Comply With Order Of June 27,2018 At Case 17-02195-JAD Doc 90*

- <u>ECF No. 98</u>: *Second Motion Of Plaintiffs Daniel Peter Morris & Lucille Aiosa Morris To Quash Subpoena On Pacer Referred To In Defendants Status Report At Case 17-02195-JAD Doc 89 And Motion To Extend Time To Comply With Order Of June 27, 2018 At Case 17-02195-JAD Doc 90*

- <u>ECF No. 116</u>: *Motion of Plaintiffs Daniel Peter Morris & Lucille Aiosa Morris To Reset The Date Of The Hearing Set By Order At Doc 115 And To Correspondingly Reset The Trial Date Set By Order At Doc 110*

- <u>ECF No. 122</u>: *Second Motion To Reset The Date Of The Hearing Set By Order At Doc 121 And To Correspondingly Reset The Date Of The Trial Set By Order At Doc 118 Submitted By Plaintiffs Daniel Peter Morris & Lucille Aiosa Morris*

- <u>ECF No. 142</u>: *Plaintiffs Motion To Amend Caption If Necessary And To Compel Defendant To Disclose His Current Address*

- <u>ECF No. 155</u>: *Motion Of Daniel Peter Morris And Lucille Aiosa Morris For Sanctions Including Imposition Of Attorneys Fees Pursuant To F.R.B.P 9001, R.C.P 11, 28 U.S.C. § 1927 And 11 U.S.C. § 105 Against The Attorneys For The Debtor*

## **<u>Rosemary C. Crawford, Chapter 7 Trustee v. Daniel Peter Morris and Lucille Aiosa Morris</u>**

### **ADV 17-02230-JAD**

- <u>ECF No. 7</u>: *Motion Of Creditors & Defendants (Movants) To Dismiss Adversary Proceeding*

- <u>ECF No. 32</u>: *Second Motion of Creditors & Defendants (Movants) Daniel Peter Morris & Lucille Aiosa Morris To Dismiss The Complaint*

- <u>ECF No. 51</u>: *Defendants Danial Peter Morris & Lucille Aiosa Morris Motion To Extend The Time To Submit An Answer To The Complaint To August 14, 2018*

- <u>ECF No. 64</u>: *Daniel Peter Morris And Lucille Aiosa Morris Second Motion For An Extension Of Time Of Discovery Plan And Statement Of Estimated Time Of Trial Ordered By The Order Of Doc. 59*

- <u>ECF No. 75</u>: *Daniel Peter Morris And Lucille Aiosa Morris Third Motion For An Extension Of Time Of Discovery Plan And Statement Of Estimated Time Of Trial Ordered By The Order Of Doc. 65*

- <u>ECF No. 78</u>: *Daniel Peter Morris And Lucille Aiosa Morris Fourth Motion Joint Motion For An Extension Of Time Of Discovery Plan And Statement Of Estimated Time Of Trial Ordered By The Order Of Doc. 76*

- <u>ECF No. 80</u>: *Motion To Stay Of Defendants Daniel Peter Morris And Lucille Aiosa Morris Until Resolution Of The Motion Of The U.S. Trustee At Case 17-20543-JAD Doc 205*

- <u>ECF No. 84</u>: *Fifth Joint Motion For An Extension Of Time Of Discovery Plan And Statement Of Estimated Time Of Trial Ordered By The Order of Doc. 67*

- <u>ECF No. 104</u>: *Daniel Peter Morris And Lucille Aiosa Morris Motion To Reset The Date Of The Hearing On 11/05/2019*

- <u>ECF No. 112</u>: *Daniel Peter Morris And Lucille Aiosa Morris Motion To Stay Until The Later Of Final Resolution Of: (1) Adversary Proceeding Filed By The U.S. Trustee At AP-19-02210-JAD; (2) Morrises Motion At Case N. 17-20532-JAD Doc 296 To Compel Debtors Disclosure Of Information Relevant To His Solvency In The Preference Period And If Not Disclosed To Disallow The § 547(f) Presumption Of Insolvency; (3) Morrises Motion At Case No. 17-20542-JAD Doc 322 To Disallow The § 547(f) Presumption of Insolvency based The U.S. Trustee's Adversary Complaint At AP-19-02210-JAD Or To Dismiss This Bankruptcy; and (4) Morrisses Motion To Expunge Claim 13 And Disallow It From The Claims Registry At Case No. 17-20543-JAD Doc 241*

## The Client Protection Fund of the Bar of Maryland v. Daniel P. Morris and Lucille A. Morris

### ADV 18-02094-JAD

- <u>ECF No. 11</u>: *Motion Of Creditors & Defendants (Movants) Daniel Peter Morris And Lucille Aiosa Morris To Dismiss The Complaint Alternatively, To Change Venue To The United States Bankruptcy Court For The Southern District Of New York White Plains Division*

- <u>ECF No. 13</u>: *Corrected Motion Of Creditors & Defendants (Movants) Daniel Peter Morris & Lucille Aiosa Morris To Dismiss The Complaint Alternatively, To Change Venue To The United States Bankruptcy Court For The Southern District Of New York White Plains Division*

- <u>ECF No. 27</u>: *Motion Of Defendants Daniel Peter Morris & Lucille Aiosa Morris To Stay This Adversary Proceeding Until Resolution Of The Avoidance Action At Adversary Proceeding Case No. 17-02330- JAD*

- ECF No. 34: *Motion Of Defendants Daniel Peter Morris & Lucille Aiosa Morris For Leave To File An Adversary Complaint Against The Plaintiff That Would Be Presented As A Counter Claim If This Adversary Proceeding Was Not Stayed And Other Miscellaneous Relief*

**Daniel Peter Morris and Lucille Aiosa Morris v. David H. Zimmer and Rosemary C. Crawford, Chapter 7 Trustee**

**ADV 18-02109-JAD**

*No Motions were filed by Daniel Peter Morris and Lucille Aiosa Morris in this Adversary Proceeding*

**United States Trustee v. David. H. Zimmer**

**ADV 19-02210-JAD**

*No Motions were filed by Daniel Peter Morris and Lucille Aiosa Morris in this Adversary Proceeding*

## RECONSIDERATION REQUESTS FILED BY DANIEL P. MORRIS AND LUCILLE AIOSA MORRIS

### (Including associated filings)

### In re: David H. Zimmer – 17-20543-JAD – Main Bankruptcy Case

- <u>ECF No. 456</u>: *Motion For Reargument Under Fed. R. Bankr. P. 8002(b) And Reconsideration Under Fed. R. Bankr. P. 9023 Of The Decision At Doc 440 And Order At Doc 441 On Morrises Motion At Case 17-20543-JAD Doc 241 To Expunge And Disclaim Claim 13 Of Department Of Treasury Internal Revenue Service Under 11 U.S.C. § 502* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 458</u>: *Supplemental Submission In Support of Doc 456 Motion For Reargument Under Fed. R. Bankr. P. 8002(b) And Reconsideration Under Fed. R. Bankr. P. 9023 Of The Decision At Doc 440 And Order At Doc 441 On Morrises Motion At Case 17-20543-JAD Doc 241 To Expunge And Disallow Claim 13 Of Department of Treasury Internal Revenue Service Under 11 U.S.C. § 502* filed by Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 460</u>: *Creditors Daniel Peter Morris And Lucille Aiosa Morris Reply In Support Of Doc 456 Motion For Reargument Under Fed. R. Bankr. P. 8002(b) And Reconsideration Under Fed. R. Bankr. P. 9023 Of The Decision At Doc 440 And Order At Doc 441 On Morrises Motion At Case 17-20543-JAD Doc 241 To Expunge And Disallow Claim 13 Of Department of Treasury Internal Revenue Service Under 11 U.S.C. § 502* filed by Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 461</u>: *Corrected Creditors Daniel Peter Morris And Lucille Aiosa Morris Reply In Support Of Doc 456 Motion For Reargument Under Fed. R. Bankr. P. 8002(b) And Reconsideration Under Fed. R. Bankr. P. 9023 Of The Decision At Doc 440 And Order At Doc 441 On Morrises Motion At Case 17-20543-JAD Doc 241 To Expunge And Disallow Claim 13 Of Department of Treasury Internal Revenue Service Under 11 U.S.C. § 502* filed by Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 462</u>: *Supplemental Reply In Support of Doc 456 Motion For Reargument Under Fed. R. Bankr. P. 8002(b) And Reconsideration Under Fed. R. Bankr. P. 9023 Of The Decision At Doc 440 And Order At Doc 441*

*On Morrises Motion At Case 17-20543-JAD Doc 241 To Expunge And Disallow Claim 13 Of Department of Treasury Internal Revenue Service Under 11 U.S.C. § 502* filed by Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 463</u>: *Second Supplemental Reply In Support of Doc 456 Motion For Reargument* Under *Fed. R. Bankr. P. 8002(b) And Reconsideration Under Fed. R. Bankr. P. 9023 Of The Decision At Doc 440 And Order At Doc 441 On Morrises Motion At Case 17-20543-JAD Doc 241 To Expunge And Disallow Claim 13 Of Department of Treasury Internal Revenue Service Under 11 U.S.C. § 502* filed by Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 465</u>: *Third Supplemental Reply In Support of Doc 456 Motion For Reargument Under Fed. R. Bankr. P. 8002(b) And Reconsideration Under Fed. R. Bankr. P. 9023 Of The Decision At Doc 440 And Order At Doc 441 On Morrises Motion At Case 17-20543-JAD Doc 241 To Expunge And Disallow Claim 13 Of Department of Treasury Internal Revenue Service Under 11 U.S.C. § 502* filed by Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 466</u>: *Fourth Supplemental Reply In Support of Doc 456 Motion For Reargument Under Fed. R. Bankr. P. 8002(b) And Reconsideration Under Fed. R. Bankr. P. 9023 Of The Decision At Doc 440 And Order At Doc 441 On Morrises Motion At Case 17-20543-JAD Doc 241 To Expunge And Disallow Claim 13 Of Department of Treasury Internal Revenue Service Under 11 U.S.C. § 502* filed by Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 611</u>: *Creditors Daniel Peter Morris And Lucille Aiosa Morris Motion For Reconsideration* Under *Fed. R. Bankr. P. 8002(b) and 9023 Of The Decision At Doc 592 And Order At Doc 593 On The Chapter7 Trustees Emergency Motion At Doc 564* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 618</u>: *Creditors Daniel Peter Morris And Lucille Aiosa Morris Supplement To Doc 611 Motion For Reconsideration Under Fed. R. Bankr. P. 8002(b) and 9023 Of The Decision At Doc 592 And Order At 593 On The Chapter 7 Trustees Emergency Motion At Doc 564* filed by Daniel P. Morris, Lucille Aiosa Morris

**Daniel Peter Morris and Lucille Aiosa Morris v. David H. Zimmer**

**ADV 17-02195-JAD**

*No requests for reconsideration were filed by Daniel Peter Morris and Lucille Aiosa Morris in this Adversary Proceeding.*

**Rosemary C. Crawford, Chapter 7 Trustee v. Daniel Peter Morris and Lucille Aiosa Morris**

**ADV 17-02230-JAD**

- <u>ECF No. 72</u>: *Defendants (A) Response To Plaintiff Motion To Schedule A Status Conference At Doc 69; (B) <u>Request For Rehearing Of Defendants Motion To</u> <u>Dismiss At Doc 7</u>; And (C) Request For Extended Page Limit For Motion For Summary Judgment* filed by Daniel Peter Morris, Lucille Aiosa Morris

**The Client Protection Fund of the Bar of Maryland v. Daniel Peter Morris and Lucille Aiosa Morris**

**ADV 18-02094-JAD**

*No requests for reconsideration were filed by Daniel Peter Morris and Lucille Aiosa Morris in this Adversary Proceeding.*

**Daniel Peter Morris and Lucille Aiosa Morris v David H. Zimmer and Rosemary C. Crawford, Chapter 7 Trustee**

**ADV 18-02109-JAD**

*No requests for reconsideration were filed by Daniel Peter Morris and Lucille Aiosa Morris in this Adversary Proceeding.*

## <u>United States Trustee v. David H. Zimmer</u>

## **ADV 19-02210-JAD**

*No requests for reconsideration were filed by Daniel Peter Morris and Lucille Aiosa Morris in this Adversary Proceeding.*

## PLEADINGS FILED BY DANIEL P. MORRIS AND LUCILLE A. MORRIS

### In re: David H. Zimmer – 17-20543-JAD – Main Bankruptcy Case

- ECF No. 54: *Adversary case 17-02195 Complaint 350 by Daniel Peter Morris, Lucille Aiosa Morris against David. H. Zimmer*

- ECF No. 173: *Adversary case 10-02109 Complaint by Daniel P. Morris, Lucille Aiosa Morris against David. H. Zimmer, Rosemary C. Crawford, Chapter 7 Trustee*

### Daniel Peter Morris and Lucille Aiosa Morris v. David H. Zimmer
### ADV 17-02195-JAD

- ECF No. 1: *Adversary case 17-02195 Complaint 350 by Daniel Peter Morris, Lucille Aiosa Morris against David H. Zimmer*

- ECF No. 43: *Amended Complaint filed by Daniel Peter Morris, Lucille Aiosa Morris against David H. Zimmer*

### ROSEMARY C. Crawford, Chapter 7 Trustee v. Daniel Peter Morris and Lucille Aiosa Morris
### ADV 17-02230-JAD

- ECF No. 52: *Answer To Complaint* filed by Daniel Peter Morris, Lucille Aiosa Morris

### The Client Protection Fund of the Bar of Maryland v. Daniel P. Morris and Lucille A. Morris
### ADV 18-02094-JAD

- ECF No. 39: *Defendants, Daniel Peter Morris & Lucille Aiosa Morris, Answer To Complaint affirmative Defenses & Counterclaim* filed by Daniel P. Morris,

Lucille Aiosa Morris against The Client Protection Fund of the Bar of Maryland

## **Daniel Peter Morris and Lucille Aiosa Morris v. David H. Zimmer and Rosemary C. Crawford, Chapter 7 Trustee**

### **ADV 18-02109-JAD**

- <u>ECF No. 1</u>: *Adversary case 18-02109 Complaint* filed by Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 7</u>: *Adversary Proceeding Cover Sheet* filed by Daniel P. Morris, Lucille Aiosa Morris

## **United States Trustee v. David H. Zimmer**
### **ADV 19-02210-JAD**

*No pleadings were filed by Daniel Peter Morris and Lucille Aiosa Morris in this Adversary Proceeding.*

## OBJECTIONS AND RESPONSES FILED BY DANIEL P. MORRIS AND LUCILLE A. MORRIS

### In re: David H. Zimmer – 17-20543-JAD – Main Bankruptcy Case

- ECF No. 47: *Objection To Confirmation Of Plan Limited Objection Plan Dated April 7, 2017* filed by Daniel P. Morris

- ECF No. 89: Response *Reply Of Creditors Daniel Peter Morris & Lucille Aiosa Morris Regarding Hearing On 2/7/2017* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- ECF No. 128: *Response Of Daniel Peter Morris And Lucille Aiosa Morris (Morrises) To Debtors Motion To Approve Settlement Pursuant To Bankruptcy Rule 9019 Of Case 17-20543-JAD Doc. # 119 Morrises Do Not Consent To And Oppose Debtors Motion And Morrises Request Dismissal Of Present Bankruptcy Under 11 U.S.C. § 105(a) & Fed. R. Civ. P 11 And Fed. R. B. P. 9001 For Debtors Admitted Abuse Of The Bankruptcy Process And Debtors Attorneys Breach Of The Pennsylvania Rules Of Professional Conduct AND Of The Strong Inference Of Tortious Interference With The Enforcement Of Morrises Judgments In State Court By The Fund, Debtor And Debtors Attorney* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- ECF No. 147: *Response Of Daniel Peter Morris And Lucille Aiosa Morris (Morrises) To Motion Of The Client Protection Fund Of The Bar Of Maryland (CPF) For Sanctions Including Imposition Of Attorney's Fees Pursuant To F.R.B.P. 9011, 28 U.S.C. § 1927 And 11 U.S.C. § 105 Against Daniel Peter Morris & Lucille Aiosa Morris Of Doc # 131* filed by Creditors Daniel P. Morris And Lucille Aiosa Morris

- ECF No. 176: *Objection Of Daniel Peter Morris And Lucille Aiosa Morris (Morrises) To Case No. 17-20543-JAD Of Doc # 165 Chapter 13 Fee Petition In Converted Case Of Debtors Attorney* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- ECF No. 178: *Objection Of Daniel Peter Morris And Lucille Aiosa Morris (Morrises) To Case No. 17-20543-JAD Of Doc # 165 Chapter 13 Fee Petition In Converted Case Of Debtors Attorney* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 202</u>: *Reply of Creditors Daniel Peter Morris And Lucille Aiosa Morris Objection To Debtors Paper At Doc 201 Entitled Debtors Response To Court Order Directing Debtor To Show Cause Why He Should Not Be Denied A Discharge And To Debtors Certification At Doc 201-1* filed by Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 204</u>: *Supplemental Reply Of Creditors Daniel Peter Morris And Lucille Aiosa Morris To The Order Directing Debtor To Show Cause Why He Should Not Be Denied A Discharge At Doc 198* filed by Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 279</u>: *Reply Of Daniel Peter Morris And Lucille Aiosa Morris In Support Of Doc 241 Motion Of Creditors Daniel Peter Morris And Lucille Aiosa Morris Objecting Under 11 U.S.C. § 502 To Claim 13 Of Department Of Treasury Internal Revenue Service And To Disallow And Expunge Claim 13 From The Claims Registry Of Case No. 17-20543 JAD And In Reply To Response Of Department Of Treasury Internal Revenue Service At Doc 268* filed by Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 314</u>: *Response For Informational Purposes Only Morrises Document Production Demand Served On Debtors Attorney, In Support Of The Motion Of Creditors Daniel Peter Morris And Lucille Aiosa Morris To Compel The Debtor: (1) To Disclose To Morrises Information Provided To The United States Trustee; And (2) To Respond To Morrises Discovery Requests And If The Debtor Does Not Comply, To Disallow The Presumption Of Insolvency Under 11 U.S.C. § 474(f) at 17-20543* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 315</u>: *Response For Informational Purposes Only Morrises Supplemental Document Production Demand Served On Debtors Attorney, In Support Of The Motion Of Creditors Daniel Peter Morris And Lucille Aiosa Morris To Compel The Debtor: (1) To Disclose To Morrises Information Provided To The United States Trustee; And (2) To Respond To Morrises Discovery Requests And If The Debtor Does Not Comply, To Disallow The Presumption Of Insolvency Under 11 U.S.C. § 474(f) at 17-20543* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 325</u>: *Response For Informational Purposes Only Morrises Third Supplemental Document Production Demand Served On Debtors Attorney, In Support Of The Motion Of Creditors Daniel Peter Morris And Lucille Aiosa Morris To Compel The Debtor: (1) To Disclose To Morrises Information*

*Provided To The United States Trustee; And (2) To Respond To Morrises Discovery Requests And If The Debtor Does Not Comply, To Disallow The Presumption Of Insolvency Under 11 U.S.C. § 474(f) at 17-20543-JAD* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 331</u>: *Response Of Daniel Peter Morris And Lucille Aiosa Morris To Debtors Response At Doc 329 To Morrises Discovery Demands At Docs 314, 315, 321 & 325 In Support Of Doc 296 Motion Of Creditors Daniel Peter Morris And Lucille Aiosa Morris To Compel The Debtor: (1) To Disclose To Morrises Information Provided To The United States Trustee; And (2) To Respond To Morrises Discovery Requests And If The Debtor Does Not Comply, To Disallow The Presumption Of Insolvency Under 11 U.S.C. § 474(f)* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 353</u>: *Morrises Response To Order Directing Mediation At Case 17-29543-JAD Doc 334 As It Relates To Morrises Motion At Case 17-20543-JAD Doc 241 To Expunge And Disallow Claim 13 Of Department of Treasury Internal Revenue Service* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 355</u>: *Corrected Morrises Response To Order Directing Mediation At Case 17-29543-JAD Doc 334 As It Relates To Morrises Motion At Case 17-20543-JAD Doc 241 To Expunge And Disallow Claim 13 Of Department of Treasury Internal Revenue Service* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 359</u>: *Morrises' Supplemental Response To Order Directing Mediation At Case 17-29543-JAD Doc 334 As It Relates To Morrises Motion At Case 17-20543-JAD Doc 241 To Expunge And Disallow Claim 13 Of Department of Treasury Internal Revenue Service* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 386</u>: *Response Of Creditors Daniel Peter Morris And Lucille Aiosa Morris To United States Of Americas' Motion To Quash Morrises Subpoena Of IRS Commissioner Charles Rettig At Doc 383* filed by Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 397</u>: *Supplemental Response Of Creditors Daniel Peter Morris And Lucille Aiosa Morris To United States Of Americas' Motion To Quash Morrises Subpoena Of IRS Commissioner Charles Rettig At Doc 383* filed by Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 415</u>: Response *Withdrawal By Creditors Daniel Peter Morris And Lucille Aiosa Morris Of Morris Creditors Daniel Peter Morris And Lucille Aiosa Morris Motion To Compel Chapter 7 Trustee At Doc 411* filed by Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 484</u>: *Objection To The Expedited Letter Motion To Quash Subpoena Submitted By Attorney Daniel Peter Morris And For Contempt Submitted By The Debtor At Doc 480* filed by Daniel P. Morris

- <u>ECF No. 485</u>: *Response Of Daniel Peter Morris To United States Of Americas Joinder To The Debtors Motion To Quash* filed by Daniel P. Morris

- <u>ECF No. 501</u>: *Objection Of Daniel Peter Morris And Lucille Aiosa Morris To United States Of Americas Motion To Quash Daniel Peter Morris Second Subpoena On IRS Commissioner Charles Rettig And For A Pre-Filing Injunction* filed by Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 514</u>: *Objection To The Second Letter Motion To Quash Second Subpoena Submitted By Attorney Daniel Peter Morris And For Contempt Submitted By The Debtor At Doc 504* filed by Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 515</u>: *Reply Of Daniel Peter Morris To Response Of Sherry Squires At Doc 507 To The Second Letter Motion To Quash Second Subpoena Submitted By Attorney Daniel Peter Morris And For Contempt Submitted By Debtor At Doc 504* filed by Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 543</u>: *Objection Of Creditors Danial Peter Morris And Lucille Aiosa Morris To Motion To Authorize Trustee To Make An Interim Distribution At Doc 511* filed by Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 544</u>: *Reply Of Creditors Daniel Peter Morris And Lucille Aiosa Morris To Debtors Response At Doc 534 To Motion To Authorize Trustee To Make An Interim Distribution At Doc 511* filed by Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 557</u>: *Supplemental Objection Of Creditors Danial Peter Morris And Lucille Aiosa Morris To Motion To Authorize Trustee To Make An Interim Distribution At Doc 511* filed by Daniel P. Morris, Lucille Aiosa Morris

- ECF No. 559: *Objection Of Daniel Peter Morris And Lucille Aiosa Morris To Debtors Amendment To Schedule C At Doc 531* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- ECF No. 562: *Reply Of Daniel Peter Morris And Lucille Aiosa Morris In Response To The Objection of CPF At Doc 538 And In Support Of Doc 516 Motion To Amend Their Claims 10 And 11, To Find No Overlap Between Claims 10 And 11 And To Find No Offset To Claims 10 And 11 By The Payment Of The Client Protection Fund Of The Bar Of Maryland* filed by Daniel P. Morris, Lucille Aiosa Morris

- ECF No. 570: *Reply Of Daniel Peter Morris And Lucille Aiosa Morris to CPFs Doc 568 Motion Of Daniel Peter Morris And Lucille Aiosa Morris To Amend The Chapter 7 Trustees Proposed Property Record And Report At Exhibit A At Doc 511-2, Claims Register At Appendix C At Doc 511-4 And Proposed Order Of Interim Distribution At Appendix D At Doc 511-5 And To Amend Debtors Mandated 11 U.S.C. § 521 Schedules To Include Debtors Known Undisclosed Assets* filed by Daniel P. Morris, Lucille Aiosa Morris

- ECF No. 572: *Objection Of Daniel Peter Morris & Lucille Aiosa Morris In Response To The Motion Of CPF At Doc 545 Amended Motion Of The Client Protection Fund Of The Bar Of Maryland For Sanctions Including Imposition Of Attorneys Fees Against Daniel Peter Morris & Lucille Aiosa Morris* filed by Daniel P. Morris, Lucille Aiosa Morris

- ECF No. 574: *Reply Of Danial Peter Morris And Lucille Aiosa Morris To Doc 535 The Objections Of The Client Protection Fund Of The Bar Of Maryland To The Debtors Amended Exemptions* filed by Daniel P. Morris, Lucille Aiosa Morris

- ECF No. 575: *Objection Of Daniel Peter Morris & Lucille Aiosa Morris In Response To The Motion Of Rosemary C. Crawford At Doc 564 Emergency Motion To Compel And Rule To Show Cause Against Creditors Daniel Morris And Lucille Morris For Compliance With Bankruptcy Procedures And To Dismiss Trustee Crawford As A Defendant In Litigation In The Court Of Common Pleas, Allegheny County And For Sanctions Against For Repeated Violations Of Bankruptcy Court Procedures* filed by Danial P. Morris, Lucille Aiosa Morris

**<u>Daniel Peter Morris and Lucille Aiosa Morris v. David H. Zimmer</u>**

**ADV 17-02195-JAD**

- <u>ECF No. 25</u>: *Opposition/Response Of Creditors & Adversary Plaintiffs Of Adversary Case No. 17-02195-JAD Respondents Daniel Peter Morris & Lucille Aiosa Morris To The Motion Of Adversary Case 17-02195 Doc #9 Of Debtor Client Protection Fund Of The Bar Of Maryland* filed by Plaintiffs Daniel Peter Morris, Lucille Aiosa Morris

**<u>Rosemary C. Crawford, Chapter 7 Trustee v. Daniel Peter Morris and Lucille Aiosa Morris</u>**

**ADV 17-02230-JAD**

- <u>ECF No. 72</u>: *Defendants (A) Response To Plaintiff Motion To Schedule A Status Conference At Doc 69; (B) Request For Rehearing Of Defendants Motion To Dismiss At Doc 7; And (c) Request For Extended Page Limit For Motion For Summary Judgment* filed by Daniel Peter Morris, Lucille Aiosa Morris

- <u>ECF No. 119</u>: *Defendants Response To Plaintiff Motion To Approve Settlement At Doc 117* filed by Daniel Peter Morris, Lucille Aiosa Morris

**<u>The Client Protection Fund of the Bar of Maryland v. Daniel P. Morris and Lucille Aiosa Morris</u>**

**ADV 18-02094-JAD**

*No Objections were filed by Daniel Peter Morris and Lucille Aiosa Morris in this Adversary Proceeding.*

## <u>Daniel Peter Morris and Lucille Aiosa Morris v. David H. Zimmer and Rosemary C. Crawford, Chapter 7 Trustee</u>

### ADV 18-02109-JAD

*No Objections were filed by Daniel Peter Morris and Lucille Aiosa Morris in this Adversary Proceeding.*

## <u>United States Trustee v. David H. Zimmer</u>

### ADV 19-02210-JAD

- <u>ECF No. 8</u>: *Objection Of Creditors Daniel Peter Morris And Lucille Aiosa Morris To Doc 5-3 Proposed Consent Order To Resolve Motion To Settle Adversary Complaint And For Denial Of Bankruptcy Discharge Of Doc 5 Jointly Submitted By The United States Trustee And The Debtor-Defendant David H. Zimmer* filed by Daniel Peter Morris, Lucille Aiosa Morris

7

## OTHER MATTERS FILED BY DANIEL P. MORRIS AND LUCILLE A. MORRIS

### In re: David H. Zimmer 17-20543-JAD – Main Bankruptcy Case

- <u>ECF No. 39</u>: *Stipulation and Consent Order Extending Deadline for Filing Complaint to Determine Dischargeability of Debt* filed by Creditor Daniel P. Morris

- <u>ECF No. 44</u>: *Stipulation By Daniel P. Morris and Between the Debtor Extending Dischargeability* filed by Creditor Daniel P. Morris

- <u>ECF No. 60</u>: *Reply Regarding the Hearing on 11/15/2017* filed by Daniel P. Morris

- <u>ECF No. 61</u>: *Reply Regarding the Hearing on 11/15/2017* filed by Creditor Daniel P. Morris

- <u>ECF No. 75</u>: *Notice of Change of Address* filed by Creditors Lucille Aiosa Morris, Daniel P. Morris

- <u>ECF No. 89</u>: *Reply Of Creditors Daniel Peter Morris & Lucille Aiosa Morris Regarding the Hearing on 2/7/2019* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 93</u>: *Concurrence Of Movants To The Request Of* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 97</u>: *Memorandum As Ordered By Order Of Doc # 73 For The Evidentiary Hearing On Motion Of Creditors & Adversary Plaintiffs Daniel Peter Morris & Lucille Aiosa Morris To Dismiss The Bankruptcy Case, Alternatively To Change Venue & Other Miscellaneous Relief* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 98</u>: *Stipulation As Ordered By Order At Doc. # 73 4 Of The Parties Identifying Ab Referencing The Agreed Upon Marked Exhibits To Be Offered At The Evidentiary Hearing For The Evidentiary Hearing* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 106</u>: *Amended Pre-Trial Statement And Memorandum As Ordered By Doc. # 69 For The Evidentiary Hearing On Motion Of Creditors & Adversary Plaintiffs* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 129</u>: Proposed Order Re: *Amended for Doc 128 Response Of Danial Peter Morris And Lucille Aiosa Morris (Morrises) To Debtors Notion To Approve Settlement Pursuant To Bankruptcy Rule 9019 Of Case 17-20543-JAD Doc. # 119 Morrises Do Not Consent To And Oppose Debtors Motion And Morrises Request Dismissal Of Present Bankruptcy Under 11 U.S.C. § 105(a) & Fed. R. Civ. P. 11 And Fed. R. B. P. 9011 Foe Debtors Admitted Abuse Of The Bankruptcy Process And Debtors Attorneys Breach Of The Pennsylvania Rules Of Professional Conduct And Of The Strong Inference Of Tortious Interference With The Enforcement Of Morrises Judgments In State Court By The Fund, Debtor and Debtors Attorney* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 162</u>: Correspondence dated 5/29/2018 addressed to Chief Judge Deller from Daniel P. And Lucille A. Morris regarding Mr. Morris' PACER account activity. A member of the Clerk's Office staff redacted Mr. Morris' PACER Account Number which was listed on the third page of the correspondence.

- <u>ECF No. 164</u>: *Notice of Entry Of Appearance Of Pro Se Parties And Request For Notice Case No 18-02094-JAD by Daniel Peter Morris* filed by Daniel Peter Morris, Lucille Aiosa Morris

- <u>ECF No. 204</u>: *Supplemental Reply Of Creditors Daniel Peter Morris And Lucille Aiosa Morris To The Order Directing Debtor To Show Cause Why He Should Not Be Denied A Discharge At Doc. 198* filed by Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 233</u>: *Amended Certificate of Service Regarding Hearing on 7/30/2019* Filed by Interested Party Daniel P. Morris, Creditor Lucille Aiosa Morris

- <u>ECF No. 299</u>: *Supplemental Submission In Support Of Creditors Daniel Peter Morris And Lucille Aiosa Morris To Compel the Debtor: (1) To Disclose To Morrises Information Provided To The United States Trustee; And (2) To Respond To Morrises Discovery Requests And If Debtor Does Not Comply To Disallow The Presumption Of Insolvency Under 11 U.S.C. § 547(f)* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- *ECF No. 304*: *Reply In Support Of Docs 296-297 Motion Of Creditors Daniel Peter Morris And Lucille Aiosa Morris To Compel The Debtor: (1) To Disclose to Morrises Information Provided To The United States Trustee; And (2) To Respond Morrises Discovery Requests And If The Debtor Does Not Comply To Disallow The Presumption Of Insolvency Under 11 U.S.C. §547(f) And In Reply To The Debtors Response Thereto At Doc 303* filed by Daniel P. Morris And Lucille Aiosa Morris

- *ECF No. 305*: *Supplemental Reply In Support Of Docs 296-297 Motion Of Creditors Daniel Peter Morris And Lucille Aiosa Morris To Compel The Debtor: (1) To Disclose to Morrises Information Provided To The United States Trustee; And (2) To Respond Morrises Discovery Requests And If The Debtor Does Not Comply To Disallow The Presumption Of Insolvency Under 11 U.S.C. §547(f) And In Reply To The Debtors Response Thereto At Doc 303* filed by Daniel P. Morris And Lucille Aiosa Morris

- *ECF No. 321*: *Response For Informational Purposes Only Morrises Second Supplemental Document Production Demand Served On Debtors Attorney, In Support Of The Motion Of Creditors Daniel Peter Morris And Lucille Aiosa Morris To Compel The Debtor: (1) To Disclose to Morrises Information Provided To The United States Trustee; And (2) To Respond Morrises Discovery Requests And If The Debtor Does Not Comply To Disallow The Presumption Of Insolvency Under 11 U.S.C. §547(f)* filed by Daniel P. Morris And Lucille Aiosa Morris

- *ECF No. 330*: *Reply Of Daniel Peter Morris & Lucille Aiosa Morris In Support Of Doc 318 Motion Of Creditors Daniel Peter Morris And Lucille Aiosa Morris To Compel The Debtor To Produce His Canadian Tax Returns For Tax Year 2016 Or A Declaration Stating He Resided In 2016 In Canada And Did Not File A Tax Return And If The Debtor Does Not Comply To Dismiss This Bankruptcy Case For Debtors Lack Of Good Faith In Not cooperating As He Is Required To Do Under Title 11 Of The United States Code And In Reply To Debtors Response At Doc 324* filed by Daniel P. Morris And Lucille Aiosa Morris

- *ECF No. 336*: *Reply Of Daniel Peter Morris And Lucille Aiosa Morris In Support Of Doc 322 Motion Of Creditors Daniel Peter Morris And Lucille Aiosa Morris To Disallow The 11 U.S.C. § 547(f) Presumption Of Insolvency Based On The Allegations Of The Adversary Complaint Of The United States Trustee At Adversary Proceeding 19-02210-JAD And Prior Submissions Of Movants, Alternatively, To Dismiss This Bankruptcy Case For The Debtors*

*Lack Of Good Faith In Not Cooperating As he Is Required To Do Under Title 11 Of The United States Code And In Response To The Objection Of The Chapter 7 Trustee At Doc 326* filed by Daniel P. Morris, Lucille Aiosa Morris

- <u>*ECF No. 337*</u>: *Reply Of Daniel Peter Morris And Lucille Aiosa Morris In Support Of Doc 322 Motion Of Creditors Daniel Peter Morris And Lucille Aiosa Morris To Disallow The 11 U.S.C. § 547(f) Presumption Of Insolvency Based On The Allegations Of The Adversary Complaint Of The United States Trustee At Adversary Proceeding 19-02210-JAD And Prior Submissions Of Movants, Alternatively, To Dismiss This Bankruptcy Case For The Debtors Lack Of Good Faith In Not Cooperating As he Is Required To Do Under Title 11 Of The United States Code And In Reply To The Response Of The Debtor At Doc 329* filed by Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 339</u>: *Supplemental Reply Of Daniel Peter Morris And Lucille Aiosa Morris In Support Of Doc 322 Motion Of Creditors Daniel Peter Morris And Lucille Aiosa Morris To Disallow The 11 U.S.C. § 547(f) Presumption Of Insolvency Based On The Allegations Of The Adversary Complaint Of The United States Trustee At Adversary Proceeding 19-02210-JAD And Prior Submissions Of Movants, Alternatively, To Dismiss This Bankruptcy Case For The Debtors Lack Of Good Faith In Not Cooperating As he Is Required To Do Under Title 11 Of The United States Code And In Reply To The Response Of The Debtor At Doc 329* filed by Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 340</u>: *Second Supplemental Reply Of Daniel Peter Morris And Lucille Aiosa Morris In Support Of Doc 322 Motion Of Creditors Daniel Peter Morris And Lucille Aiosa Morris To Disallow The 11 U.S.C. § 547(f) Presumption Of Insolvency Based On The Allegations Of The Adversary Complaint Of The United States Trustee At Adversary Proceeding 19-02210-JAD And Prior Submissions Of Movants, Alternatively, To Dismiss This Bankruptcy Case For The Debtors Lack Of Good Faith In Not Cooperating As he Is Required To Do Under Title 11 Of The United States Code And In Reply To The Response Of The Debtor At Doc 329* filed by Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 350</u>: *Creditors Daniel Peter Morris And Lucille Aiosa Morris Pretrial Memorandum In Support Of Evidentiary Hearing On Morrises Motion At Case 17-20543-JAD Doc 241 To Expunge And Disallow Claim 13 Of Department Of Treasury Internal Revenue Service* filed by Creditors Danial P. Morris And Lucille Aiosa Morris

4

- <u>ECF No. 351</u>: Exhibit *Creditors Daniel Peter Morris And Lucille Aiosa Morris.*

- <u>ECF No. 357</u>: *Creditors Daniel Peter Morris And Lucille Aiosa Morris Amended Pretrial Memorandum In Support Of Evidentiary Hearing On Morrises Motion At Case 17-20543-JAD Doc 241 To Expunge And Disallow Claim 13 Of Department Of Treasury Internal Revenue Service* filed by Creditors Daniel P. Morris And Lucille Aiosa Morris

- <u>ECF No. 358</u>: Exhibit *Creditors Daniel Peter Morris And Lucille Aiosa Morris*

- <u>ECF No. 392</u>: *Creditors Daniel Peter Morris And Lucille Aiosa Morris Second Amended Exhibit List In Support Of Evidentiary Hearing Ordered At Doc. 382 On Morrises Motion At Case 17-20543-JAD Doc 241 To Expunge And Disallow Claim 13 Of Department Of Treasury Internal Revenue Service* filed by Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 396</u>: *Creditors Daniel Peter Morris And Lucille Aiosa Morris Second Amended Pretrial Memorandum In Support Of Evidentiary Hearing On Morrises Motion At Case 17-20543-JAD Doc 241 To Expunge And Disallow Claim 13 Of Department Of Treasury Internal Revenue Service* filed by Creditors Daniel P. Morris And Lucille Aiosa Morris

- <u>ECF No. 401</u>: *Creditors Daniel Peter Morris And Lucille Aiosa Morris Witness List In Support Of Evidentiary Hearing Ordered At Doc 381 On Morrises Motion At Case 17-20543-JAD Doc 241 To Expunge And Disallow Claim 13 Of Department of Treasury Internal Revenue Service* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 402</u>: *Creditors Daniel Peter Morris And Lucille Aiosa Morris Third Amended Exhibit List In Support Of Evidentiary Hearing Ordered At Doc 381 On Morrises Motion At Case 17-20543-JAD Doc 241 To Expunge And Disallow Claim 13 Of Department of Treasury Internal Revenue Service* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 403</u>: *Creditors Daniel Peter Morris And Lucille Aiosa Morris Corrected Third Amended Pretrial Memorandum In Support Of Evidentiary Hearing On Morrises Motion At Case 17-20543-JAD Doc 241 To Expunge And Disallow Claim 13 Of Department of Treasury Internal Revenue Service Under 11 U.S.C. § 502 As Ordered At Doc 381* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 404</u>: Creditors Daniel Peter Morris And Lucille Aiosa Morris Fourth *Amended Pretrial Memorandum In Support Of Evidentiary Hearing On Morrises Motion At Case 17-20543-JAD Doc 241 To Expunge And Disallow Claim 13 Of Department of Treasury Internal Revenue Service Under 11 U.S.C. § 502 Exhibits As Ordered At Doc 381* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 405</u>: Creditors Daniel Peter Morris And Lucille Aiosa Morris Fourth *Amended Exhibit List In Support Of Evidentiary Hearing Ordered At Doc 381 On Morrises Motion At Case 17-20543-JAD Doc 241 To Expunge And Disallow Claim 13 Of Department of Treasury Internal Revenue Service* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 411</u>: *Motion To Compel The Chapter 7 Trustee To Acknowledge Regarding Morris Motion To Disallow And Expunge Claim 13 At Doc 241 Informing Morrises That I Will Not Interfere With Morrises And The IRS, But I Will Not Be A Part Of It* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 427</u>: *Creditors Daniel Peter Morris and Lucille Aiosa Morris Post-Evidentiary Hearing Brief* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 431</u>: *Amended Proposed Order For Doc 428* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 432</u>: *Correction Of Typographical Errors To Doc 428 Motion To Dismiss This Bankruptcy For The Debtors Abuse And Lack Of Good Faith Subject To The Agreement At AP-17-02230-JAD Doc 124-2 Approved At AP-17-02230-JAD Doc 124* filed by Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 441</u>: *Sur-Reply Of Creditors Daniel Peter Morris And Lucille Aiosa Morris (Morrises) In Response To Reply Of IRS To Morrises Post-Evidentiary Brief At Doc 436* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 442</u>: *Reply In Support Of Doc 428 Their Motion To Dismiss This Bankruptcy For The Debtors Abuse And Lack Of Good Faith Subject To The Agreement At AP-17-02230-JAD Doc 124-2 Approved At AP-17-02230-JAD Doc 124 And In Response To Debtors Response Thereto at Doc 438*filed by Daniel P. Morris, Lucille Aiosa Morris

6

- <u>ECF No. 443</u>: *Reply In Support Of Doc 428 Their Motion To Dismiss This Bankruptcy For The Debtors Abuse And Lack Of Good Faith Subject To The Agreement At AP-17-02230-JAD Doc 124-2 Approved At AP-17-02230-JAD Doc 124 And In Response To IRS Response Thereto At Doc 440* filed by Creditor Daniel P. Morris, Creditor Lucille Aiosa Morris

- <u>ECF No. 444</u>: *Reply In Support Of Doc 428 Their Motion To Dismiss This Bankruptcy For The Debtors Abuse And Lack Of Good Faith Subject To The Agreement At AP-17-02230-JAD Doc 124-2 Approved At AP-17-02230-JAD Doc 124 And In Response To The Chapter 7 Trustees Response Thereto At Doc 435* filed by Creditor Daniel P. Morris, Creditor Lucille Aiosa Morris

- <u>ECF No. 445</u>: *Reply In Support Of Doc 428 Their Motion To Dismiss This Bankruptcy For The Debtors Abuse And Lack Of Good Faith Subject To The Agreement At AP-17-02230-JAD Doc 124-2 Approved At AP-17-02230-JAD Doc 124 And In Response To The Client Protection Fund Of The Bar Of Maryland thereto At Doc 439* filed by Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 446</u>: *Supplemental Reply To The Reply At Doc 445 In Support Of Doc 428 Creditors Daniel Peter Morris And Lucille Aiosa Morris Motion To Dismiss This Bankruptcy For The Debtors Abuse And Lack Of Good Faith Subject To The Agreement At AP-17-02230-JAD Doc 124-2 Approved At AP-17-02230-JAD Doc 124 And In Response To The Client Protection Fund Of The Bar Of Maryland Thereto At Doc 439* filed by Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 475</u>: *Reply In Support Of Motion Of Daniel Peter Morris And Lucille Aiosa Morris To Abandon Property Of The Debtor Under 11 U.S.C. § 554 And FRBP 6007 And In Response To The Objection Of The Chapter 7 Trustee At Doc 474* filed by Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 558</u>: *Amended Order Of The Court* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 569</u>: *Reply Of Daniel Peter Morris And Lucille Aiosa Morris To CPFs Response At Doc 567 To Doc 554 Contingent Motion Of Daniel Peter Morris And Lucille Aiosa Morris If The Court Grants The Chapter 7 Trustees Request For $915.78 For Disbursements At Doc 511 To Vacate The Orders At Doc 370, Doc524 And AP-17-02230-JAD Doc 124, The Mediation Agreement At AP-17-02230-JAD Doc 117-2 And To Reverse The Terminations Of AP-17-02230, AP-18-2094 And AP-18-2109* filed by Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 600</u>: *Withdrawal Of Doc 576 Motion For Sanctions Pursuant To F.R.B.P. 9001. F.R.C.P. 11, And 11 U.S.C. § 105 For Breach Of Fiduciary Duty Pursuant To 11 U.S.C. § 704, 28 U.S.C. § 1927 And The Common Law Against Chapter 7 Trustee, Rosemary C. Crawford* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 621</u>: *Reply In Response To Chapter 7 Trustee Objection At Doc 578 And In Support Of Doc 576 Motion For Sanctions Pursuant To F.R.B.P. 9001. F.R.C.P. 11, And 11 U.S.C. § 105 For Breach Of Fiduciary Duty Pursuant To 11 U.S.C. § 704, 28 U.S.C. § 1927 And The Common Law Against Chapter 7 Trustee, Rosemary C. Crawford* filed by Creditors Daniel P. Morris, Lucille Aiosa Morris


**<u>Daniel Peter Morris and Lucille Aiosa Morris v. David H. Zimmer</u>**

**ADV 17-02195-JAD**

- <u>ECF No. 29</u>: *Reply In Support Of Creditors & Adversary Plaintiffs (Movants) Motion Of Creditors Daniel Peter Morris & Lucille Aiosa Morris To Strike Affirmative Defenses And Portions Of The Answer Of Defendant/Debtor David H. Zimmer Of Adversary No.: 17-02195-JAD Doc #8 To Movants Complaint Of Adversary No.: 17-02195-JAD Doc. #1 & Bankruptcy No. 17-20543-JAD Doc # 54& In Reply To The Response Of Debtor Of Doc #23* filed by Plaintiffs Daniel Peter Morris, Lucille Aiosa Morris

- <u>ECF No. 32</u>: *Reply In Support Of Motion Of Creditors & Adversary Plaintiffs (Movants) Daniel Peter Morris & Lucille Aiosa Morris To Find Movants Proofs Of Claim 10-1, 11-1 And 12-1 Nondischargeable Under Judicial Estoppel In View Of The Motion Of Adversary Case 17-02157 Doc. #9 Of Debtor And Creditor Client Protection Fund Of The Bar Of Maryland & Other Miscellaneous Relief And In Reply To Response Of Doc. # 30 Of Defendants* filed by Plaintiffs Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 37</u>: *Plaintiffs Response To The Order Setting Date Certain For Response And Hearing on Motion of Doc. #34* filed by Plaintiffs Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 56</u>: *Correspondence Dated 5/29/2018 Addressed To Chief Judge Deller From Daniel P. Morris And Lucille Aiosa Morris Regarding Mr. Morris' PACER account activity.*

- <u>ECF No. 59</u>: *Reply Of Daniel Peter Morris & Lucille Aiosa Morris To Response Of Chapter 7 Trustee Of Doc. #57 To Doc # 53 Motion Of Creditors & Adversary Plaintiffs (Movants) Daniel Peter Morris & Lucille Aiosa Morris To Withdraw Authorization Of The Order Of Case 17-02195-JAD Doc 42 Permitting Defendant To Seek Discovery Of Plaintiffs Pacer Activity And To Strike 1st Affirmative Defense Of The Answer Of Defendant/Debtor David H. Zimmer Of Adversary No.: 17-02195-JAD Doc. #8 To Movants Complaint Of Adversary No.: 17-02195-JAD Doc. #1 & Bankruptcy No. 17-02543-JAD Doc. #54* filed by Plaintiffs Daniel Peter Morris, Lucille Aiosa Morris

- <u>ECF No. 60</u>: *Response Of Daniel Peter Morris And Lucille Aiosa Morris (Morrises) To The Motion Of Debtor To Dismiss Adversary Proceeding Pursuant To FRBP 7008, 7012 And 7041 Of Case No. 17-2195-JAD Doc 50* filed by Plaintiffs Daniel Peter Morris, Lucille Aiosa Morris

- <u>ECF No. 132</u>: P*laintiffs Pre-Trial Memorandum Ordered At Doc #110 In Support Of Motion For Summary Judgment Or Trial On Plaintiffs' Amended Complaint To Determine Dischargeability Of Debt Pursuant To !! U.S.C. § 523(a) At Doc #43* filed by Daniel Peter Morris, Lucille Aiosa Morris

- <u>ECF No. 133</u>: *Exhibit - Plaintiffs Pre-Trial Memorandum Ordered At Doc #118 In Support Of Motion For Summary Judgment Or Trial On Plaintiffs' Amended Complaint To Determine Dischargeability Of Debt Pursuant To !! U.S.C. § 523(a) At Doc #43* filed by Daniel Peter Morris, Lucille Aiosa Morris

- <u>ECF No. 134</u>: P*laintiffs Pre-Trial Memorandum Ordered At Doc #110 In Support Of Motion For Summary Judgment Or Trial On Plaintiffs' Amended Complaint To Determine Dischargeability Of Debt Pursuant To !! U.S.C. § 523(a) At Doc 43* filed by Daniel Peter Morris, Lucille Aiosa Morris

- <u>ECF No. 137</u>: *Plaintiffs Response To Debtors Motion For A Status Conference At Doc. #135 In Response To Plaintiffs Motion At Doc 134* filed by Plaintiffs Daniel Peter Morris, Lucille Aiosa Morris

- <u>ECF No. 147</u>: *Plaintiffs Reply In Support Of Doc 142 Plaintiffs Motion To Amend Caption And To Compel Defendant To Disclose His Current Address And In Reply To Defendants Response At Doc 146* filed by Daniel Peter Morris, Lucille Aiosa Morris

- <u>ECF No. 153</u>: *Plaintiffs Brief In Support Of Plaintiffs Motion To Amend Caption If Necessary Ordered By The Court At Doc 150* filed by Daniel Peter Morris, Lucille Aiosa Morris

- <u>ECF No. 162</u>: *Reply Of Daniel Peter Morris And Lucille Aiosa Morris In Support Of Motion Of Daniel Peter Morris And Lucille Aiosa Morris For Sanctions Including Imposition Of Attorneys Fees Pursuant To F.R.B.P. 9011, F.R.C.P.11, 28 U.S.C. § 1927 And 11 U.S.C. § 105 Against The Attorneys For The Debtor At Doc 155 And In Reply To The Response Of David. H. Zimmer At Doc 161* filed by Daniel Peter Morris, Lucille Aiosa Morris

- <u>ECF No. 164</u>: *Reply Of Daniel Peter Morris And Lucille Aiosa Morris In Support Of Motion Of Daniel Peter Morris And Lucille Aiosa Morris For Sanctions Including Imposition Of Attorneys Fees Pursuant To F.R.B.P. 9011, F.R.C.P.11, 28 U.S.C. § 1927 And 11 U.S.C. § 105 Against The Attorneys For The Debtor At Doc 155 And In Reply To The Response Of David. H. Zimmer At Doc 163* filed by Daniel Peter Morris, Lucille Aiosa Morris

## <u>Rosemary C. Crawford, Chapter 7 Trustee v. Daniel Peter Morris and Lucille Aiosa Morris</u>

### ADV 17-02230-JAD

- <u>ECF No. 18</u>: *Creditors & Defendants Reply In Support of Motion* filed by Defendants Daniel Peter Morris, Lucille Aiosa Morris

- <u>ECF No. 40</u>: *Reply In Support Of Movants Second Motion Of Creditors & Defendants (Movants) Daniel Peter Morris & Lucille Aiosa Morris To Dismiss The Complaint (Doc. # 32) & In Reply To The Objection Of The Chapter 7 Trustee (Doc. #38)* filed by Daniel Peter Morris, Lucille Aiosa Morris

- <u>ECF No. 73</u>: *Supplemental Comments In Support Of Doc 72 Defendants (A) Response To Plaintiff Motion To Schedule A Status Conference  At Doc 69; (B) Request For Rehearing Of Defendants Motion To Dismiss At Doc 7; And (C) Request For Extended Page Limit For Motion For Summary Judgment* filed by Daniel Peter Morris, Lucille Aiosa Morris

- <u>ECF No. 96</u>: *Response To Order At Doc 95 Setting Hearing on (1) Motions For Summary Judgment Or (2) Status Conference For 9/24/2019* filed by Defendants Daniel Peter Morris, Lucille Aiosa Morris

- <u>ECF No. 98</u>: *Supplemental Response To Order At Doc 95 Setting Hearing on (1) Motions For Summary Judgment Or (2) Status Conference For 9/24/2019* filed by Defendants Daniel Peter Morris, Lucille Aiosa Morris

- <u>ECF No. 119</u>: *Defendants Response To Plaintiff Motion To Approve Settlement At Doc 117* filed by Daniel Peter Morris, Lucille Aiosa Morris

## <u>The Client Protection Fund of the Bar of Maryland v. Daniel P. Morris and Lucille A. Morris</u>

### ADV 18-02094-JAD

- <u>ECF No. 17</u>: *Reply Of Defendants (Movants) Daniel Peter Morris & Lucille Aiosa Morris In Support Of Their Corrected Motion Of Doc 13 To Dismiss The Complaint Alternatively, To Change Venue To The United States Bankruptcy Court For The Southern District Of New York White Plains Division And In Reply To Response Of CPF At Doc 16* filed by Defendants Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 18</u>: *Corrected Reply Of Defendants (Movants) Daniel Peter Morris & Lucille Aiosa Morris In Support Of Their Corrected Motion Of Doc 13 To Dismiss The Complaint Alternatively, To Change Venue To The United States Bankruptcy Court For The Southern District Of New York White Plains Division And In Reply To Response Of CPF At Doc 16* filed by Defendants Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 22</u>: *Supplemental Reply Of Defendants (Movants) Daniel Peter Morris & Lucille Aiosa Morris In Support Of Their Corrected Motion Of Doc 13 To Dismiss The Complaint Alternatively, To Change Venue To The United States Bankruptcy Court For The Southern District Of New York White Plains Division And In Reply To Response Of CPF At Doc 16* filed by Defendants Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 30</u>: *Response To Order At Doc 28 Setting Status Conference For 02/26/2019 In response To Doc 27 Motion Of Defendants Daniel Peter Morris & Lucille Aiosa Morris To Stay This Adversary Proceeding Until Resolution Of The Avoidance Action* filed by Defendants Daniel P. Morris, Lucille Aiosa Morris

- <u>ECF No. 56</u>: *Defendants Daniel Peter Morris & Lucille Aiosa Morris Response To Plaintiffs Proposed Order On Settlement At Doc 53* filed by Daniel P. Morris, Lucille Aiosa Morris

### Daniel Peter Morris and Lucille Aiosa Morris v. David H. Zimmer and Rosemary C. Crawford, Chapter 7 Trustee

### ADV 18-02109-JAD

- <u>ECF No. 19</u>: *Opposition Of Daniel Peter Morris And Lucille Aiosa Morris (Plaintiffs) To Debtors Motion To Dismiss Of Doc. ## 13 & 15* filed by Plaintiffs Daniel Peter Morris, Lucille Aiosa Morris

### United States Trustee v. David H. Zimmer

### ADV 19-02210-JAD

*No filings were made by Daniel Peter Morris and Lucille Aiosa Morris in this Adversary Proceeding.*